Argued and submitted December 2, 1983, resubmitted In Banc May 2, reversed and remanded June 13, reconsideration denied September 7, petition for review denied October 23, 1984 (298 Or 150)

## STOCKING,
*Appellant,*

*v.*

## FRED MEYER, INC.,
*Respondent.*

(A8209-05709; CA A27739)

683 P2d 1021

John L. Henderson, Eugene, argued the cause and filed the brief for appellant.

Susan P. Graber, Portland, argued the cause for respondent. With her on the brief were Randolph C. Foster, and Stoel, Rives, Boley, Fraser and Wyse, Portland.

BUTTLER, J.

Richardson, J., specially concurring.

**BUTTLER, J.**

Plaintiff in this employment discrimination action contends that defendant terminated his employment and refused to reinstate him because he had suffered a compensable injury and had received workers' compensation benefits while working for defendant. ORS 659.410, 659.415. He appeals from a summary judgment for defendant, and we reverse and remand.

Plaintiff sustained an on-the-job injury on February 10, 1981, and received temporary total disability benefits for the period February 11 to May 12, 1981. He was a member of Teamsters Local 206, which represented the bargaining unit of which plaintiff was a member. Article V, section 5.18 of the collective bargaining agreement between the union and defendant provides:

> "Any employee temporarily absent from work for any reason other than vacation, or hospitalization when the employee is unable to communicate, must report his status daily by telephone to his supervisor. In the event that the employee is absent for a period in excess of two (2) weeks, or where the length of the absence is known in advance, the obligation to report shall be once a week beginning with the employee's first scheduled working day of each week for which the employee is unavailable. Failure of an employee to report as required by this paragraph on a daily basis may result in disciplinary action up to and including suspension; failure to report for three (3) scheduled work days shall be deemed a voluntary quit."

In early April, 1981, while plaintiff remained absent from work because of his disability, defendant notified plaintiff that his employment was terminated because of his failure to comply with the call-in requirement. Plaintiff's union filed a grievance pursuant to the collective bargaining agreement. The question presented in the grievance proceeding was whether "[plaintiff was] a voluntary quit as provided by Article V, Section 5.f8 of the Collective Bargaining Agreement." The grievance was denied after a hearing in July, 1981. Plaintiff commenced the present action in September, 1982.

The foregoing facts were developed through requests for admissions, ORCP 45, following which defendant moved for summary judgment, contending that, as a matter of law,

plaintiff is barred by the adverse determination of his grievance under the Collection Bargaining Agreement. Plaintiff's response was that the grievance procedure could only resolve questions arising under the contract and was not the proper forum for resolving a statutory discrimination claim.

In *Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 611 P2d 281 (1980), the plaintiff had sustained a compensable injury, and the defendant refused to reemploy her after she had been released for work by her doctor. She commenced a grievance proceeding under a collective bargaining agreement between her union and the defendant, but commenced an action under ORS 659.121 before the grievance was resolved. The court held that the plaintiff was not required to exhaust the contractual grievance procedure before pursuing her independent statutory remedy. In doing so, the court relied heavily on *Alexander v. Gardner-Denver Company,* 415 US 36, 94 S Ct 1011, 39 L Ed 2d 147 (1974). In that case, the plaintiff, a black employe, was informed by the defendant that he was being discharged for producing too many defective parts. He invoked the grievance procedure under his union's collective bargaining agreement, which proceeded through the full course of the procedure, which ended in arbitration. The arbitrator determined that the plaintiff had been discharged for just cause. The plaintiff then brought an action under Title VII of the Civil Rights Act of 1964, 42 USC § 2000(e) *et seq,* claiming that he was a victim of racial discrimination.

The United States Supreme Court, in a unanimous opinion, reversed the trial court's granting of summary judgment for the defendant, holding that the plaintiff was entitled to a trial *de novo,* because the statutory scheme of Title VII provided a personal cause of action which supplemented the existing remedies in a collective bargaining agreement. The court stated that the trial court should not defer to an arbitrator's determination, because an arbitrator's task is necessarily limited to effectuating the terms of a collective bargaining agreement, and that the arbitrator cannot decide a statutory discrimination claim involving public law concepts.

The same reasoning employed in *Alexander v. Gardner-Denver Company, supra,* and adopted in *Vaughn,* is applicable here. The most effect the grievance determination

might have in this statutory proceeding is to resolve the question whether the contract provision on which defendant relies *could* be applicable to an employe who is off work because of a job-related injury. The record does not contain the entire collective bargaining agreement, however, so we do not know whether it contains a provision that the exclusive means of interpreting the contract is by way of the grievance procedure.

However, in the posture of this case, the mere proposition that defendant could have applied the contract provision to treat plaintiff as a "voluntary quit" does nothing more than suggest that possibility, and does not determine whether defendant applied that contract provision to plaintiff because he had filed a workers' compensation claim. The latter application would be impermissible under ORS 659.410 and 659.415.

Because defendant's motion for summary judgment raised only the one legal issue, on which we think plaintiff is correct, the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.

**RICHARDSON, J.,** specially concurring.

I agree with the lead opinion that the summary judgment for defendant should not have been granted and that the case must be reversed and remanded. I also agree that, under *Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 611 P2d 281 (1980), and *Alexander v. Gardner-Denver Company,* 415 US 36, 94 S Ct 1011, 39 L Ed 2d 147 (1974), plaintiff's action is not barred by the detemination in the grievance proceeding. Indeed, I would go farther than the lead opinion goes—and I disagree with it to the extent that it *intends* not to go farther—and would hold that *Vaughn* and *Alexander* preclude *any* use of a contractual grievance procedure to make the statutory anti-discrimination procedures unavailable to a plaintiff or claimant. *See also McDonald v. City of West Branch, Michigan,* ___ US ___, 104 S Ct 1799, 80 L Ed 2d 302 (1984).

My problem with the lead opinion's analysis is that it begins and ends with a proposition that defendant concedes and does not deal with the argument defendant does make in

support of the summary judgment. While I agree that it is often appropriate for this court to limit its discussion to dispositive issues when it reverses and remands a summary judgment, *but see Oregon Bank v. Nautilus Crane & Equip. Corp.,* 68 Or App 131, 683 P2d 95 (1984), I think the lead opinion's failure to address defendant's argument has caused it to overlook an issue that necessarily must be decided here.

The crux of defendant's argument, as stated in its brief, is:

"The United States Supreme Court has recently described the proper allocation of the burdens and presentation of proof in discrimination cases. *Texas Dept. of Community Affairs v. Burdine,* 450 US 248, 101 S Ct 1089, 67 L Ed 2d 207 (1981); *McDonnell Douglas Corporation v. Green,* 411 US 792, 93 S Ct 1817, 36 L Ed 2d 668 (1973). Although these decisions are not binding on this Court, defendant submits that the same standards should apply under Oregon's anti-discrimination law. In any event, these cases provide a useful analytic framework for understanding the fundamental flaw in plaintiff's logic.

"*First,* the plaintiff must establish a prima facie case. Here, plaintiff did so by showing that he was an injured worker and that his employment terminated. *Second,* the employer has an opportunity to articulate a legitimate, non-discriminatory reason for the adverse action. Here, defendant did so by establishing plaintiff's violation of the collectively bargained call-in policy. *Third,* the plaintiff, who always retains the burden of persuasion, may attempt to establish that the reason given is a mere pretext. This plaintiff failed utterly to do.

"In fact, plaintiff recognizes that the sole factual issue which *theoretically* remained in this case is whether the failure to call in was the real reason for the termination, or was a pretext for discrimination. * * * The point is, plaintiff's case remained only theoretical. He presented not a single fact in support of that theory. * * *" (Emphasis defendant's.)

Defendant is not contending that plaintiff's action is barred by the grievance determination. It is contending that it introduced evidence to support a finding that there was a nondiscriminatory basis for its action and that plaintiff was required and failed to controvert that evidence. The lead opinion misses the point by focusing on whether the grievance proceeding bars this action or has an estoppel effect. As

defendant formulates it, the point is not that the grievance determination would be *conclusive* in a trial of this action, but that the fact found in the grievance proceeding and asserted in the summary judgment proceeding is *some evidence* that defendant was not actuated by a discriminatory motive. In the context of defendant's argument, this means that plaintiff's failure to controvert that evidence left the fact of non-discriminatory motive established for purposes of summary judgment. I think we must address defendant's argument, and I think it should be rejected.

Defendant concedes that plaintiff made a prima facie showing of discrimination in the trial court proceedings and argues that it made a showing from which a factfinder could conclude that defendant did not discriminate. Given that state of affairs, the posture of the case would now be that a trier of fact could decide the ultimate question either way if conventional understandings of burdens of proof and of the factfinding process are applicable. However, defendant argues that the conventional understandings should not apply in discrimination cases and that, under the reasoning of *McDonnell Douglas Corp. v. Green,* 411 US 792, 93 S Ct 1817, 36 L Ed 2d 668 (1973), and later federal cases applying Title VII of the Civil Rights Act of 1964 (42 USCA § 2000e *et seq*), plaintiff was *required* to *rebut* defendant's showing of a nondiscriminatory basis for its actions in order to carry his burden of proving discrimination. Because plaintiff offered no such rebuttal evidence in the summary judgment proceeding, defendant argues that there is no question of fact about whether the nondiscriminatory reason it proffered for its actions was the actual reason and, therefore, that it was entitled to summary judgment.

*McDonnell Douglas* established a three-stage shifting burden as the appropriate "order and allocation of proof in a private, non-class-action challenging employment discrimination" in violation of Title VII. 411 US at 800. As later summarized by the Supreme Court in *Texas Dept. of Community Affairs v. Burdine,* 450 US 248, 101 S Ct 1089, 67 L Ed 2d 207 (1981):

> "'* * * First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate

some legitimate, nondiscriminatory reason for the employee's rejection.' [*McDonnell Douglas Corp. v. Green, supra,* 411 US at 802.] Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. * * *" 450 US at 252-53.

Defendant understands *McDonnell Douglas* and other federal discrimination cases as making a rebuttal showing a *necessary* component of the plaintiff's proof of discrimination in any case where the employer carries its burden "to articulate some legitimate, nondiscriminatory reason" in response to the plaintiff's prima facie case. Whether or not that is a correct understanding, the summary judgment here cannot be sustained unless we hold that a plaintiff in an Oregon discrimination action is required to rebut the employer's evidence of a nondiscriminatory reason for its actions.[1]

Defendant correctly notes that the United States Supreme Court's decisions relating to proof of federal discrimination claims do not bind us in our application of Oregon's antidiscrimination statutes. The Oregon Supreme Court stated in *School District No. 1 v. Nilsen,* 271 Or 461, 482-83, 534 P2d 1135 (1975):

"The District contends the Commissioner and the Court of Appeals erred in holding that the District had the burden of proving a bona fide occupational requirement for practices or regulations which otherwise would be discriminatory. It argues that the Commissioner's rule, then OAR 839-14-005, which required that the burden of proof be upon the Attorney General [as the proponent of the discrimination claim], results in the Attorney General's having to negate the 'bona fide occupational requirement.' The Commissioner and the Court of Appeals did not err. The Attorney General does have the burden of proving, in the first instance, discriminatory conduct. However, considering where the knowledge lies concerning the occupational requirements of the business, it must have been intended that the operator of the business should be

---

[1] I do not imply agreement or disagreement with defendant's understanding that *McDonnell Douglas* and later federal cases require the plaintiff in a Title VII action to rebut the employer's evidence of nondiscriminatory motivation to carry his burden of proof. This opinion addresses the merits of defendant's argument and is not intended as an interpretation of the federal cases.

the one to prove why such practice is required. The federal statute is so construed. See [*Griggs v. Duke Power Co.*, 401 US 424, 91 S Ct 849, 28 L Ed 2d 158 (1971)], where the question was whether certain tests and educational background were reasonably necessary requirements for employment. The Court said that 'in the present case *the Company* [employer] has made no such showing.' (Emphasis ours.)"

*See also Clackamas Co. Fire Protection v. Bureau of Labor,* 50 Or App 337, 349-52, 624 P2d 141, *rev den* 291 Or 9 (1981); *City of Portland v. Bureau of Labor and Ind.,* 64 Or App 341, 668 P2d 433, *rev allowed* 295 Or 840 (1983) (separate opinion of Newman, J.); *Lewis and Clark College v. Bureau of Labor,* 43 Or App 245, 602 P2d 1161 (1979), *rev den* 288 Or 667 (1980) (separate opinion of Richardson, J.).

Oregon therefore recognizes that, at least in some contexts, the burden of proof shifts to the employer after the plaintiff has presented a prima facie case of discrimination. However, no Oregon case holds that the burden of proof shifts *back* to the plaintiff or claimant after the employer has made its required showing.[2] I would now hold that a plaintiff is not required, as part of the proof of discrimination, to rebut the employer's evidence of nondiscriminatory reasons in actions brought pursuant to Oregon's antidiscrimination statutes.

We have previously affirmed findings of discrimination when the employer had the burden of establishing a nondiscriminatory basis for its action and presented *sufficient* evidence to carry that burden but did not *persuade* the factfinder. *See Clackamas Co. Fire Protection v. Bureau of Labor, supra.* Nothing in the federal cases or defendant's argument satisfies me that the trier of fact should not be free to reject the employer's showing, whether or not the plaintiff has produced evidence of pretext.

---

[2] However, there is a cursory dictum in *City of Portland v. Bureau of Labor and Ind.,* 61 Or App 182, 189, 656 P2d 353 (1982), *modified* 64 Or App 341, 668 P2d 433, *rev allowed* 295 Or 840 (1983), that *can* be read as so suggesting. In *Sch. Dist. No. 1 v. Mission Ins. Co.,* 58 Or App 692, 650 P2d 929 (1982), *rev den* 294 Or 682 (1983), we stated that the three-stage shifting burden formulation of *McDonnell Douglas* would have been applicable if a discrimination complaint had been tried instead of being settled. The trial would have been a federal proceeding, because the complaint was settled through the federal agency with which it was filed. Our statement in *Mission Ins.* has no bearing on the burden of proof in Oregon discrimination actions.

The court stated in *Texas Dept. of Community Affairs v. Burdine, supra:*

> "* * * We have stated consistently that the employee's prima facie case of discrimination will be rebutted if the employer articulates lawful reasons for the action; that is, to satisfy this intermediate burden, the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus. The Court of Appeals would require the defendant to introduce evidence which, in the absence of any evidence of pretext, would *persuade* the trier of fact that the employment action was lawful. This exceeds what properly can be demanded to satisfy a burden of production." 450 US at 257. (Emphasis in original.)

However, I see little real distinction between producing evidence "which would allow the trier of fact rationally to conclude" that the decision was not motivated by discrimination, on the one hand, and, on the other, introducing "evidence which, in the absence of any evidence of pretext, would persuade the trier of fact" that the decision was not motivated by discrimination. If the employer's evidence is *sufficient to support* a rational finding in its favor, the evidence is also *sufficient to persuade* the trier of fact. There can of course be quantitative, qualitative and reactive factors that cause particular triers of fact in particular cases to find an employer's sufficient showing to be unpersuasive, but that is true in virtually every case of virtually every kind when the party with the burden of proof has presented enough evidence to survive a directed verdict. I think there is no persuasive reason for creating the exception defendant advocates to the usual rule that a trier of fact may find for or against a party who has the burden of proof and who has presented supporting evidence.

The other reason I would reject defendant's argument that the burden should shift back to the plaintiff is inherent in the Oregon Supreme Court's explanation in *Nilsen* for the initial shifting of the burden from the claimant to the employer: The "knowledge lies" with the employer. If the employer's unique awareness and access to evidence of the reasons for its own actions make it appropriate for the employer to have the burden of proving those reasons, I fail to

see why the plaintiff would be *appreciably* better able to produce *rebuttal* evidence of pretext than to make the *initial* direct showing of discriminatory motive. Stated otherwise, there is a strong policy basis for the court's conclusion in *Nilsen* that the burden should shift to the employer to prove what a person seeking relief under the antidiscrimination statutes is far less able to disprove than the employer is to prove. There is no policy reason for shifting the burden back to the plaintiff; indeed, the same policy rationale that favors the initial shift to the employer militates against later shifting what amounts to a burden of disproof to the person alleging discrimination.

I am aware that discovery and other factors might often reduce the imbalance of knowledge described in *Nilsen.* However, I think that the better rule is to allow the factfinder to ascribe the weight it deems appropriate to a plaintiff's decision not to offer rebuttal evidence or failure to rebut effectively and not to impose a second threshold of proof on a plaintiff who has met his initial burden.

Plaintiff was not required to controvert defendant's evidence of a legitimate nondiscriminatory basis for its actions in order to survive a motion for summary judgment. Whether defendant discriminated is a triable issue of fact and, for the reasons stated in this opinion, I agree with the lead opinion's holding that summary judgment should not have been granted.

Joseph, C. J., and Rossman, J., join in this specially concurring opinion.