Argued and submitted December 16, 1983, affirmed August 8, reconsideration denied
September 28, petition for review allowed November 6, 1984 (298 Or 172)
See 298 Or 506, 693 P2d 1290 (1985)

# WILLIAMS,
*Appellant,*

*v.*

# WATERWAY TERMINALS COMPANY,
*Respondent.*

## (A8108-05154; CA A27781)

686 P2d 441

Douglas A. Swanson, Portland, argued the cause for appellant. With him on the briefs was Royce, Swanson & Thomas, Portland.

Paula B. Weiss, Portland, argued the cause for respondent. With her on the brief were Richard F. Liebman and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

**BUTTLER, P. J.**

Plaintiff appeals from a judgment dismissing his complaint after defendant's motion for summary judgment was granted. He alleged that defendant committed an unlawful employment practice by refusing to reinstate him following his recovery from a compensable injury in violation of ORS 659.415. Plaintiff sought back wages, reimbursement for medical expenses that would have been covered by defendant's group health insurance had plaintiff been reinstated promptly, and attorney fees. Defendant answered, denying that it had committed an unlawful employment practice and asserting three affirmative defenses.

Defendant moved for summary judgment on the ground that the trial court lacked jurisdiction, either because plaintiff had no private right of action or because his claim was time-barred. The trial court granted defendant's motion without specifying its reason for doing so. We affirm.

The facts are undisputed. Plaintiff, while employed by defendant, sustained a compensable injury on September 17, 1976, and was temporarily totally disabled. Sometime prior to September 25, 1977, he discovered indirectly that defendant had discharged him.[1] He continued to receive workers' compensation benefits, and on May 12, 1980, he demanded that defendant reinstate him to his former position or to another position which was available and suitable. Two days later, plaintiff presented defendant with a certificate from his physician indicating that he was able to return to his regular employment as of May 12, 1980. Initially, defendant refused to rehire plaintiff, who then filed a complaint with the Bureau of Labor and Industries (Bureau) on May 27, 1980. On June 10, 1980, defendant rehired plaintiff. However, the complaint was not dismissed, and on May 27, 1981, the Bureau issued its

---

[1] Plaintiff contends that he did not receive any formal notice that he was terminated. Sometime after his injury, his wife applied for dental insurance coverage, which was refused because defendant had terminated plaintiff. Neither party provides us with the precise date of discharge. Plaintiff "knew" that he was terminated before September 25, 1977, because on that date he signed answers to interrogatories in another action against defendant in the United States District Court in which he acknowledged that defendant had terminated him, albeit, he said, without notice. We do not decide, as the dissent suggests (69 Or App at 395), that an employe who is unaware of his having been discharged must, nevertheless, take some action to cure it if it was unlawful. That question is not presented here.

Private Right of Action Notice. Plaintiff filed this civil action in August, 1981.

Plaintiff's claim is based solely on defendant's failure to reinstate him under ORS 659.415(1), thereby giving rise to a civil action under ORS 659.121(1). At the relevant time, ORS 659.415(1) provided:

> "A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, provided that the position is available and the worker is not disabled from performing the duties of such position. If the former position is not available, the worker shall be reinstated in any other position which is available and suitable. A certificate by a duly licensed physician that the physician approves the worker's return to the worker's regular employment shall be prima facie evidence that the worker is able to perform such duties."

ORS 659.121(1), which allows a civil action for violations of ORS 659.415(1), provided:[2]

> "Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS * * * 659.410, 659.415, * * * may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay. * * *"

The issue in this appeal is whether plaintiff's reinstatement right under ORS 659.415(1) survived his discharge. Plaintiff does not claim that his discharge was unlawful; rather, he contends that it is irrelevant to his right to reinstatement under ORS 659.415(1). If plaintiff was discharged for having filed a workers' compensation claim, he had an administrative remedy,[3] ORS 659.410; however, that

---

[2] ORS 659.121(1) has been amended three times since its enactment in 1977. *See* Or Laws 1979, ch 813, § 2; Or Laws 1981, ch 897, § 95, and Or Laws 1983, ch 225, § 4. However, none of the amendments concerns the right to sue for violation of ORS 659.415.

[3] There was no private right of action at the time he was discharged. ORS 659.121, which allows a civil action, did not take effect until after plaintiff's discharge, and by its terms is not retroactive. The dissent's contention (69 Or App at 394) that, under our view of the case, plaintiff would have been required to demand reinstatement while he was disabled is in error. All that he had to do was to pursue his administrative remedy for wrongful discharge, although he does not here claim that it was wrongful.

remedy was barred no later than September, 1978. ORS 659.040. It is in apparent recognition of this problem that plaintiff urges that his discharge, or the reasons for it, is irrelevant to his claim under ORS 659.415(1), which he claims gives him the absolute right to reinstatment.[4]

■        Accordingly, on this record we assume that plaintiff's discharge, whether lawful or unlawful, accomplished a complete severance of his employment relationship with defendant and necessarily terminated any reinstatement right that plaintiff might have had. *Dobie v. Liberty Homes,* 53 Or App 366, 632 P2d 449 (1981).

■        In *Dobie* we decided when a claim for relief accrues under ORS 659.415. There the plaintiff sustained an on-the-job injury on April 13, 1978, and was off work for two days. When he attempted to return to work on April 17, 1978, he was told that his employment was terminated. He checked periodically with his employer to determine if any jobs were available, and was not reinstated. On September 25, 1979, he filed an action against his former employer, contending, among other things, that the employer's failure to reinstate him was a continuing act and, therefore, his action was timely. We held that the action was time-barred, because

> "* * * [a]ny unlawful employment practice occurred at the time he was terminated. After his termination, he was in no different position than other applicants for employment when he periodically applied for a job in defendant's plant. * * *" 53 Or App at 371.

Although *Dobie* is distinguishable, the principle it enunciates is not. Plaintiff's discharge was the key event;[5] if it was the result of an unlawful employment practice under ORS 659.410, it could have been remedied by filing a complaint

---

[4] The dissent would accept this contention. 69 Or App at 394.

[5] Plaintiff expressly limits his claim to defendant's failure to reinstate him under *former* ORS 659.415. He concedes that he was discharged, but does not challenge its lawfulness, even though ORS 659.410 prohibits an employer from discriminating against a worker who is receiving workers' compensation benefits. In contrast, the plaintiff in *Stocking v. Fred Meyer,* 68 Or App 598, 683 P2d 1021 (1984), challenged both his discharge and the defendant's failure to reinstate him.

As a general rule, an employer may discharge an employe at any time for any reason, unless the reason is unlawful. *Shaw v. Doyle Milling Co.,* 297 Or 251, 683 P2d 82 (1984).

with the Commissioner of Labor within one year after it occurred. After that limitation period had run, plaintiff had no job to which he could claim the right to be reinstated. The loss of his reinstatement right was an effect of his discharge.[6]

Plaintiff's reliance on *Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 611 P2d 281 (1980), is misplaced. In *dicta,* the court discussed two scenarios. In the first, the worker's demand for reinstatement is refused. Thus the worker is discharged after the demand for reinstatement. Under the second scenario, the worker is discharged and then demands reinstatement. Although the court said that the effect under both scenarios was identical, "because 'non-reinstatement' and 'discharge' mean the same thing to a worker," it went on to state:

> "* * * It might seem that ORS 659.415 requires reinstatement of the worker even if the employer has just cause to 'discharge' by refusing to reinstate, but, as will appear later, nothing in ORS Chapter 659 prevents an employer from discharging a worker for just cause. * * *" 289 Or at 79-80.

Thus *Vaughn* is not authority for the proposition that reinstatement rights under ORS 659.415 survive a lawful discharge.[7]

---

[6] *Shaw v. Doyle Milling Co., supra,* n 5, decided after this case was submitted, does not change the result here, because of a critical factual difference. In *Shaw,* the plaintiff was never discharged. Thus he continued to have reinstatement rights. Here, plaintiff was discharged long before his demand for reinstatement. Reinstatement implies that the employer-employe relationship still exists. Once plaintiff was discharged, there was no employment relationship.

[7] The dissent suggests (69 Or App at 395-96) that the lawfulness of plaintiff's discharge in 1977 must be alleged and proven by defendant in this action filed four years later, about three years after the statute of limitations had run. That suggestion not only ignores the statute of limitations, it ignores the fact that plaintiff not only does not so contend, but urges the proposition that his having been discharged is irrelevant, given what he claims to be his absolute right to reinstatement under ORS 659.415(1). He states in his brief:

> "* * * If the plaintiff wanted to proceed based upon his termination cause of action - which he has not done - his suit would be under 659.410. That statute provides that defendant-employers commit an unlawful employment practice if they discriminate 'against a workman with respect to hire or tenure or any term or condition of employment because the workman has applied for benefits....' Whether plaintiff could have shown this discrimination is irrelevant since the plaintiff did not sue under this statutory section; rather, plaintiff's action was for failure to reinstate, which is clearly a separate cause of action."

The question that the dissent would decide is not presented.

Affirmed.

**ROSSMAN, J.,** dissenting.

I respectfully dissent. I have a deep concern that the majority opinion misconstrues ORS 659.415(1) and the intent of Oregon's laws that prohibit employment discrimination against disabled workers who file workers' compensation claims.

As I see it, the issue in this case is when, if ever, did plaintiff's claim for relief under ORS 659.415(1) accrue? The beginning point in this inquiry is that statute, which, at the relevant time, provided in part:

> "*A worker who has sustained a compensable injury shall be reinstated* by the worker's employer to the worker's former position of employment *upon demand for such reinstatement, provided that the position is available and the worker is not disabled* from performing the duties of such position. If the former position is not available, the worker shall be reinstated in any other position which is available and suitable. * * *" (Emphasis supplied.)

The majority opinion accepts the employer's argument that plaintiff's previous discharge terminated his reinstatement right and that plaintiff's claim for relief accrued when he was terminated. The problems with this interpretation are three-fold.

First, it ignores the plain wording of ORS 659.415(1), which states that the worker "*shall* be reinstated * * * upon demand for reinstatement, provided that the position is available and the worker is not disabled." (Emphasis supplied.) Under defendant's interpretation, plaintiff would have to have demanded reinstatement when he was terminated, but that occurred while he was still disabled. Thus, defendant could have correctly refused to reinstate plaintiff, because he would have been unable to perform his former duties. Common sense dictates that an employe should not be forced to demand reinstatement before he has recovered from his disability. *See Carney v. Guard Publishing Co.,* 48 Or App 147, 153 n 4, 616 P2d 548, *modified* 48 Or App 927, 630 P2d 867, *rev den* 290 Or 171 (1980).

The second problem with the majority's opinion is that it ignores the relationship between ORS 659.415(1) and

659.410. ORS 659.410 prohibits an employer from discriminating against workers who file workers' compensation claims, and ORS 659.415(1) requires the employer to reinstate the recovered worker. Although ORS 659.415(1) is narrower in scope than ORS 659.410, the legislature, in enacting both sections, intended to create *separate* and *independent* remedies. Assuming that the other requirements of ORS 659.415(1) are met, the statute requires reinstatement unless the employer has just cause to terminate the employe. It may be that defendant had just cause for terminating plaintiff in 1977; however, that issue must be raised as an affirmative defense in the pleadings, which was not done. *See Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 90-92, 611 P2d 281 (1980); *Millsap v. Eugene Care Center,* 68 Or App 223, 228, 682 P2d 795 (1984); and *Stocking v. Fred Meyer,* 68 Or App 598, 683 P2d 1021 (1984) (Richardson, J., specially concurring).

Third, and finally, if the majority's interpretation is accepted, an employer could unilaterally preclude a worker from any relief under either ORS 659.410 or 659.415(1). For example, if a worker sustains a compensable injury which will disable him for over one year, the employer could terminate the injured worker without any notice. If the worker does not discover that he was terminated within one year, then any cause of action under ORS 659.410 would be time barred under ORS 659.121(3). Once the worker is able to return to work and demands reinstatement, pursuant to ORS 659.415, the employer would argue that no reinstatement right survived the discharge. Thus, the employer could manipulate and control the worker's statutory right.[1] In *Shaw v. Doyle Milling Co.,* 297 Or 251, 683 P2d 82 (1984), the Supreme Court held that employers cannot act "unilaterally to vitiate the mandate of ORS 659.415." 297 Or at 255.

The majority's reliance on *Dobie v. Liberty Homes,* 53 Or App 366, 632 P2d 449 (1981), is misplaced, because there is a critical distinction between *Dobie* and this case. In *Dobie,* the demand for reinstatement and the termination were simultaneous. Here, however, plaintiff made his demand for reinstatement two years after he was "terminated." The

---

[1]The only difference between this example and the facts in this case is that plaintiff indirectly discovered that he was discharged in 1977.

reason for this delay is obvious. Until plaintiff demanded reinstatement, he was physically unable to work at his former position. Furthermore, there was no reason in *Dobie* to distinguish between termination and refusal to reinstate, because they were simultaneous. The essence of our holding in *Dobie* is that, for Statute of Limitations purposes, a claim for relief under ORS 659.415 accrued when the employer refused to reinstate the plaintiff. 53 Or App at 371. Here, it is undisputed that plaintiff made a timely filing with the Bureau of Labor and Industries in May, 1980, after defendant refused to reinstate him.

The majority attempts to distinguish *Vaughn v. Pacific Northwest Bell Telephone, supra.* I agree that the two scenarios the court discussed are only *dicta,* but they do suggest that a worker's statutory reinstatement right under ORS 659.415 cannot be lost due to fortuitous timing. The majority quotes one sentence of *Vaughn.* 69 Or App at 393. However, taken in the proper context, the quoted sentence supports plaintiff. The full quote is:

> "* * * It might seem that ORS 659.415 requires reinstatement of the worker even if the employer has just cause to 'discharge' by refusing to reinstate, but, as will appear later, nothing in ORS Chapter 659 prevents an employer from discharging a worker for just cause. If the worker is discharged for just cause, the employer can prove this in the grievance proceeding or as a matter of defense in a suit pursuant to ORS 659.121. The worker's right to bring suit for injunctive relief pursuant to ORS 659.121(1) must be based on reasoned policy rather than fortuitous timing." 289 Or at 79-80.

Plaintiff's complaint alleged a claim for relief under ORS 659.415(1). Whether defendant has an affirmative defense to reinstating plaintiff must be decided at trial and not on summary judgment. Therefore, I would reverse the trial court.

I dissent.