Argued and submitted January 13, affirmed April 23, 1986

## CALLAN,
*Appellant,*

*v.*

## CONFEDERATION OF OREGON SCHOOL ADMINISTRATORS,
*Respondent.*

(135,103; CA A34271)

717 P2d 1252

Robert D. Durham, Portland, argued the cause for appellant. With him on the briefs was Kulongoski, Durham, Drummonds & Colombo, Portland.

Eric Yandell, Salem, argued the cause for respondent. With him on the brief were Donald H. Upjohn and Heltzel, Upjohn, Shaw & Williams, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action pursuant to ORS 659.121, alleging that Confederation of Oregon School Administrators and Rose,[1] the Confederation's executive director, discriminated against her on the basis of her sex in hiring a male applicant instead of her for the position of assistant executive director. Plaintiff appeals from the trial court's judgment for defendant. We affirm.

Plaintiff was a long-time professional colleague and social acquaintance of Rose, who had the dominant responsibility in defendant's hiring process. Both plaintiff and the successful applicant, Dr. Robbins, were highly qualified for the position, although the precise nature of Robbins' experience was not as closely related to the specific duties of the job as plaintiff's experience was. At the beginning of the process, Rose anticipated that it was highly probable that plaintiff would be selected. Defendant received 155 applications for the position. Four finalists, including plaintiff and Robbins, were interviewed by Rose. Rose's stated reasons for hiring Robbins included (1) the breadth of his administrative background; (2) the likelihood that he would stay in the position for a longer time than plaintiff would had she been hired, because she was interested in a school district superintendency; and (3) complaints by members of defendant's staff about plaintiff's "demeanor" toward them.

In the course of the interview and on other occasions, Rose made sexist statements, *e.g.,* that the salary for the position was $40,000 but that plaintiff would receive one thousand dollars less, because she is a woman. The nadir of the Rose wit was reached in his question at the end of the interview, "OK, Mary Frances [Callan], bottom line, how do you feel about sleeping with your boss?" Rose testified that his statements were meant and were taken as jokes, between close acquaintances. Plaintiff's testimony was ambivalent about how she understood and reacted to the comments.

Plaintiff's only assignment is that the trial court erred by entering judgment for defendant after the trial. Her

---

[1] Plaintiff does not challenge the trial court's dismissal of the action as to Rose, and he is not a party to the appeal. The singular term "defendant" in this opinion refers to the Confederation.

principal argument is that the court failed to shift the burden of proof or "articulation" to defendant after plaintiff put on her *prima facie* case and that the court therefore "failed to properly analyze the evidence." Stated differently, plaintiff's argument is that the court approached the weighing of the parties' evidence with the understanding that the burden of proof was always on plaintiff, rather than with the understanding that the burden passed to defendant after plaintiff had made her *prima facie* showing.[2] The genesis of plaintiff's argument is *McDonnell Douglas Corp. v. Green,* 411 US 792, 93 S Ct 1817, 36 L Ed 2d 668 (1973), and later federal cases, which plaintiff understands to hold that, in actions brought under Title VII of the Civil Rights Act of 1964, there is a three-stage shifting burden between the plaintiff and the employer: first, the plaintiff has to present a *prima facie* case; next the employer has the burden of "articulating" a legitimate nondiscriminatory reason for the apparently discriminatory action; and the plaintiff finally takes on a burden to demonstrate that the employer's articulated reason is pretextual or was not the real reason for the action.

■     We understand plaintiff's premise, that the same shifting burden mechanism applies in actions under the Oregon anti-discrimination statutes, to have been rejected in *City of Portland v. Bureau of Labor and Ind.,* 298 Or 104, 690 P2d 475 (1984):

> "One who merely establishes a *prima facie* case and rests does not necessarily win even if the opponent adduces no evidence whatsoever and merely relies on a denial of alleged wrongdoing. The trier of fact may, in such instance, decline to draw the permissible inference necessary to establish liability. Indeed, the trier of fact may disbelieve the evidence adduced to establish the fact from which the inferred fact is to be

---

[2] The parties agree that plaintiff satisfied her *prima facie* burden. Plaintiff does not appear to argue—and certainly does not raise through an assignment of error—that the failure of the court to shift the burden of proof resulted in an insufficient evidentiary showing by defendant, as distinct from an improper approach on the court's part to the weighing of the evidence. *See Kofoid v. Woodard Hotels, Inc.,* 78 Or App 283, 716 P2d 771 (1986). Although our review is *de novo, Wincer v. Ind. Paper Stock Co.,* 48 Or App 859, 864, 618 P2d 15 (1980), a fact to which both parties briefs' are oblivious, plaintiff makes no argument that the trial court's finding that there was no discrimination was contrary to the weight of the evidence, again as distinct from its being based on an erroneous application of burden of proof principles in the weighing process. The relief which plaintiff seeks is not that we reverse the trial court's findings or judgment outright, but that we remand "for further consideration under a correct construction of the rules concerning the burden of proof."

drawn. In either case, the party with the burden of persuasion would lose. On the other hand, were the trier of fact to believe the evidence adduced to prove the primary fact and then draw a permissible inference that establishes the charge, an employer who rests without adducing evidence will lose." 298 Or at 115. (Footnote omitted.)

We conclude that the burden does not shift from the plaintiff in Oregon discrimination actions in which the issue is simply whether the plaintiff's allegation or the employer's denial of discrimination is correct.

Plaintiff relies on the specially concurring opinion of Richardson, J., in *Stocking v. Fred Meyer,* 68 Or App 598, 602, 683 P2d 1021, *rev den* 298 Or 150 (1984). That reliance is misplaced for three reasons: a *concurring* opinion is not authoritative, it predated the Supreme Court's decision in *City of Portland* and it does not squarely support plaintiff's position in any event. The issue addressed in the concurrence was whether, after the *employer* had articulated its non-discriminatory explanation, the *plaintiff had* to offer proof rebutting that explanation in order to present a triable question of fact. The concurring opinion rejected the proposition that the plaintiff had any *burden* to refute the employer's evidence of nondiscriminatory motivation. Plaintiff reads the *Stocking* concurrence as concluding, rather than assuming, as the parties in *Stocking* did, that the employer had a burden to make the affirmative showing that the concurrence would have held the plaintiff was not required to rebut. The concurrence did offer reasons why, given the parties' assumption that the employer had that burden, a subsequent reshifting of a burden of disproof to the plaintiff was nevertheless not indicated. However, there was no issue in *Stocking* about whether any burden did pass to the employer after the plaintiff there had adduced his *prima facie* case. More fundamentally, whatever views the author of the concurrence in *Stocking* may have had on that question—or may continue to harbor—the Supreme Court's later opinion in *City of Portland* is decisive.[3]

---

[3] The Supreme Court's reasoning in *City of Portland v. Bureau of Labor and Ind., supra,* is consistent with the reasoning in the *Stocking v. Fred Meyer, supra,* concurrence. Whether the proposition is that there is a first or a second shifting of the burden of proof, the objective of finding the facts correctly is not advanced by the artifice of making a chronological progression of evidentiary burdens the basis for

Plaintiff argues, correctly, that there are some circumstances under which the employer in discrimination cases does have a burden of proof; for example, when the employer concedes discriminatory action but alleges affirmatively that there is a lawful basis for discriminating, *e.g.,* a bona fide occupational requirement. *See School District No. 1 v. Nilsen,* 271 Or 461, 534 P2d 1135 (1975). Plaintiff argues that this case is one where the employer has an affirmative burden, because she proceeded on the theory that defendant had a "mixed motive," lawful in part and unlawful in part, as well as on the theory that defendant's denial of *any* improper motive was false. She states that, under federal case law,

"* * * once the employe demonstrates a prima facie case that the challenged action was motivated *at least in part* by an unlawful reason, the burden of proof (rather than a mere burden of articulation) shifts to the employer to prove that the same action would have been taken against the employe in the absence of any discriminatory motive." (Emphasis plaintiff's.)

*See NLRB v. Transportation Management Corp.,* 462 US 393, 103 S Ct 2469, 76 L Ed 2d 667 (1983); *League, Etc. v. City of Salinas Fire Dept.,* 654 F2d 557 (9th Cir 1981).

Even assuming that the principle of proof plaintiff derives from the federal mixed motive cases is applicable to actions under ORS 659.121, *but see Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 611 P2d 281 (1980), this is not a mixed motive case; it is a case in which one party alleged discrimination and the other responded that there was *no* discriminatory actuation. Plaintiff does not explain how this can be regarded as a mixed motive case, beyond the bare assertion in her opening brief that she proceeded on that theory as well as on the theory that defendant's denial and its evidence of nondiscriminatory motivation were pretextual. In

---

deciding whether either party is entitled to survive the other's motion for summary judgment or a directed verdict. Indeed, we understand *McDonnell Douglas Corp. v. Green, supra,* to have the contrary objective of defining the plaintiff's *initial prima facie* burden as being so minimal that it is virtually impervious to a motion based on evidentiary insufficiency. We agree with the objective of enabling the plaintiff to reach the factfinder without producing the direct evidence concerning discrimination that the employer rather than the plaintiff is better able to produce, *see School District No. 1 v. Nilsen, infra; Stocking v. Fred Meyer, supra,* (Richardson, J., specially concurring), but we do not think that the convoluted shifting burden formula of *McDonnell Douglas* promotes the objective.

any event, whatever plaintiff's theories may be, the pleadings and the evidence present a simple either-or question, and plaintiff's strained argument does not succeed in obscuring or altering that fact. The trial court committed no error in connection with the allocation of the burden of proof.

■　　Plaintiff next argues that the court erred by not making an express finding about whether plaintiff or Robbins was better qualified for the job. Plaintiff contends that a comparative finding was necessary, because "defendants' selection of the inferior candidate was *direct* evidence of sex discrimination" and because his selection reflected on the credibility of defendant's witnesses. (Emphasis plaintiff's.) Defendant responds that plaintiff did not request special findings, ORCP 62A, that "the trial judge's failure to make a specific finding does not mean he did not consider the evidence," and, in effect, that the courts are ill-equipped to decide which of two highly qualified applicants "for a responsible position in private industry" is the more qualified. *See Texas Dept. of Community Affairs v. Burdine,* 450 US 248, 259, 101 S Ct 1089, 67 L Ed 2d 207 (1981).

We agree with defendant in the main. It is self-evident that, if a male applicant is hired instead of a female applicant with clearly superior credentials, the disparity in their suitability for the job is probative of discrimination. In the normal case, the tendency of a disparity in qualifications to prove—or disprove—discrimination will vary proportionately to the degree and obviousness of the disparity. *Evidence* of relative qualification must be evaluated with those obvious considerations in mind, but there is no requirement that an *express finding* as to which of the applicants is more qualified be made, at least in the absence of a request for special findings.

The difference in comparative qualifications here was slight to nonexistent. Had plaintiff asked that we weigh the evidence *de novo, see* note 2, *supra,* we would have found that the comparability of the candidates' qualifications weighs in favor of defendant's explanation of the basis for Robbins' hiring. Our only disagreement with defendant's argument is its implication that courts *cannot* make fine distinctions between comparative qualifications in their weighing of evidence in discrimination in hiring cases. We nevertheless do

agree with defendant's implication that, when the distinctions are *so* fine as to be beyond objective calibration, the employer's subjective evaluation of the applicants' qualifications will seldom weigh heavily in favor of a finding of discrimination.

■　　Plaintiff's final argument is that the court erred by not "addressing" in its opinion letter the issue of Rose's "sexual humor." Her first basis for so arguing is that Rose's comments are probative of discrimination. However, as with the qualifications issue, the trial court's failure to *address* the issue does not support the conclusion that the evidence was not adequately *considered;* and, as with the qualifications issue, plaintiff does not ask that we reweigh the evidence to ascertain whether it might lead us to a different ultimate finding from the one the trial judge reached.

The second basis for plaintiff's argument is, as stated in her opening brief:

"* * * Dr. Rose's admitted subjection of plaintiff to repeated sexual comments during her job interview is itself an act of sex discrimination in employment prohibited by Oregon's law. This conclusion is not altered by the alleged 'humorous' nature of the sexual statements. It is unlawful sex discrimination to subject any applicant for employment to offensive sexual statements - whether intended as 'humor' or in complete seriousness. The court may assume that such remarks are uttered only because the applicant happens to be female, and they therefore constitute prohibited gender discrimination. * * * Even so-called sexual 'jokes' constitute actionable sexual harassment if they are unwanted and uninvited by the job applicant. In view of the clear statutory policy to root [out] all forms of sexual harassment as a barrier in the employment application process, ORS 659.022, the trial court should have held that plaintiff prevailed on her showing of sexual harassment during her job interview *even if* the court believes the remarks were uttered as 'jokes' by Dr. Rose. * * *" (Emphasis plaintiff's.)

Whether or not plaintiff is correct in contending that Rose's statements are *per se* actionable, plaintiff did not allege either the statements or the kind of unlawful conduct which they might constitute, *i.e.,* sexual harassment, as a basis for her claim. She alleged only that the hiring decision was discriminatory. Because plaintiff has not asked that we retry

the trial judge's factual determination on that issue, we have no occasion to decide whether Rose's inappropriate statements tip the balance against the finding that otherwise might be compelling—that, much to its surprise, defendant's plans to hire plaintiff were dislodged when another applicant with qualifications that defendant legitimately believed were better than plaintiff's responded to defendant's advertisement.

Affirmed.