Argued and submitted October 2, affirmed November 22, 1995

Kathy McCALL,
*Appellant,*

*v.*

DYNIC USA CORPORATION
and Kathy Hogan,
*Respondents.*

(C93-0334CV; CA A84907)

906 P2d 295

Kevin L. Cathcart argued the cause for appellant. With him on the briefs was Clayton H. Morrison.

Scott G. Seidman argued the cause for respondents. With him on the brief were Zachary W.L. Wright and Tonkon, Torp, Galen, Marmaduke & Booth.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff appeals a summary judgment for defendants[1] in this employment discrimination case. She argues that the trial court erred in applying issue preclusion to the reason for her discharge from employment. We affirm.

Defendants are entitled to summary judgment if they have shown that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. ORCP 47 C.[2]

According to the record on summary judgment, plaintiff worked for employer for approximately four and one-half years. In November 1992, plaintiff filed a workers' compensation claim for an injured right middle finger. Employer began paying temporary disability. On March 14, 1993, plaintiff's physician released her to return to modified work at tasks that allowed her to use only her uninjured hand. The first morning she returned to her job, she was given a copy of the modified job analysis. Plaintiff began working, but began having problems with the machine that she was operating. She began using her injured hand to perform the job, which caused her pain. She called her physician, who in turn called employer and said that plaintiff had called him complaining about adverse working conditions.

Plaintiff's supervisor, defendant Hogan, talked to plaintiff about her ability to perform one-handed work. Hogan then asked plaintiff whether she was refusing to do the job. Plaintiff was not given an opportunity to explain, and her employment was terminated.

Employer then terminated plaintiff's temporary disability benefits. Plaintiff sought a hearing before the Workers' Compensation Hearings Division. The issue in that case was whether employer had properly terminated benefits pursuant to ORS 656.268(3)(c). At that time, the statute provided:

---

[1] Defendants are plaintiff's former employer, Dynic USA Corporation (employer), and Hogan, one of employer's supervisors.

[2] ORCP 47 C was amended by the 1995 legislature. Or Laws 1995, ch 618, § 5. This case involves only a question of law and the changes do not affect the determination of this case.

"Temporary total disability benefits shall continue until whichever of the following events first occurs:

"* * * * *

"(c) The attending physician gives the worker a written release to return to modified employment, such employment is offered in writing to the worker and the worker fails to begin such employment."

At the hearing, there was no dispute that plaintiff's attending physician had provided a written release for plaintiff to return to work or that employer had made a written offer of modified work and that plaintiff had returned to work. The dispute was over whether plaintiff had failed to begin the modified employment. Plaintiff's position was that she was "ready, willing and able to work within her physician's written release" but was precluded from doing so because she was wrongfully terminated. Employer's position was that plaintiff was terminated because she refused to continue working within her physician's restrictions.

The referee agreed with employer, finding that plaintiff "was terminated for refusing to work within her restrictions." On appeal, the Workers' Compensation Board (Board) agreed with the referee, who had upheld employer's termination of plaintiff's temporary disability benefits.

Plaintiff then filed this action under ORS 659.121(1), claiming that defendants had engaged in an unlawful employment practice by terminating her employment because she had filed a workers' compensation claim, in violation of ORS 659.410.[3] Defendants denied plaintiff's claim and filed a motion for summary judgment. They argued that the Board's determination in the workers' compensation case, that plaintiff was terminated for refusing to work within her physician's restrictions, precludes plaintiff from showing in this case that the termination was for a different, unlawful

---

[3] ORS 659.410(1) provides:

"It is unlawful employment practice for an employer to discriminate against any worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656 * * *."

Plaintiff alleged two other claims as well. Both of those claims were dismissed and are not at issue in this appeal.

purpose, *i.e.*, discrimination for using the workers' compensation system. The trial court agreed and granted defendants' motion for summary judgment.

Plaintiff assigns error to the order granting summary judgment. She asserts that the trial court erred in applying issue preclusion in this case. Defendants respond that the trial court correctly applied issue preclusion, and that the trial court therefore correctly determined that defendants were entitled to judgment as a matter of law.

Issue preclusion applies to preclude relitigation of an issue or fact when that issue or fact has been determined by a "valid and final determination in a prior proceeding." *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993); *see Chavez v. Boise Cascade Corporation*, 307 Or 632, 634-35, 772 P2d 409 (1989) (giving preclusive effect in employment discrimination case to determination of fact in workers' compensation case). There are five requirements for application of issue preclusion:

"1.  The issue in the two proceedings is identical.

"2.  The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

"3.  The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

"4.  The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5.  The prior proceeding was the type of proceeding to which this court will give preclusive effect." *Nelson*, 318 Or at 104 (citations omitted).

Plaintiff challenges each requirement except the fourth; she concedes that she was a party to the workers' compensation dispute. We reject her arguments relating to the third and fifth requirements without discussion.

Plaintiff first argues that the issue decided by the Board was not identical to the issue to be decided in this case. She asserts that the only issue before the Board was "whether the employer was authorized to terminate benefits under ORS 656.268(3)(c)." According to plaintiff, under that statute, the only factual determinations to be made by the Board are: "1) Did a physician give [plaintiff] a release for

modified employment; 2) was the modified employment offered in writing to [plaintiff], and 3) did [plaintiff] fail to begin the modified employment?" She argues that the factual determinations were completely different under the employment discrimination claim. Under ORS 656.410(1), she has to prove: "1) Did defendants discriminate against [plaintiff] by terminating her employment because she exercised her rights under the workers' compensation statutes, and 2) did defendants otherwise discriminate against [plaintiff] in the terms and conditions of her employment because she exercised her rights under the workers' compensation statutes?"

Defendants respond that the issue in this case, whether claimant was fired because she made use of the workers' compensation system or whether she was fired for a different, nondiscriminatory reason, is the same issue that the Board decided. We agree with defendants.

The legal issue in the workers' compensation case was whether employer properly terminated temporary disability benefits. However, because of plaintiff's argument to the referee and the Board, the dispositive factual question in that case was whether plaintiff was terminated for refusing to perform work within her restrictions or whether her employer wrongfully terminated her. In order for the Board to find that plaintiff was terminated for refusing to perform work within her restrictions, and therefore that she had failed to return to modified work, it necessarily had to reject plaintiff's argument that the reason that she had failed to return to modified work was that she was wrongfully fired. That is the identical factual question that must be determined in this discrimination case.

Plaintiff also asserts that a different factual question is presented in this action, because the Board did not make any findings about whether defendants had discriminated against her in the terms and conditions of her employment before she was terminated. We need not address that argument, because plaintiff did not plead a claim that defendants discriminated in the terms and conditions of her employment *before* she was terminated, nor did she raise the issue in her response to defendants' motion for summary judgment.[4]

---

[4] In her response to defendant's motion for summary judgment, plaintiff argued that "[t]he issue in plaintiff's workers' compensation discrimination claim is

Accordingly, it was not preserved for our review. *See* ORAP 5.45.

■        Plaintiff also argues that the determination that she was terminated for refusing to work within her restrictions was not necessary to the Board's decision. As we explained above, because of the way plaintiff framed the issues in the workers' compensation case, the Board necessarily had to decide whether she had failed to return to modified work because she was wrongfully terminated or whether the reason was that she was terminated for refusing to perform her job. The factual determination was necessary to the Board's decision.

Plaintiff argues, nonetheless, that, even if the Board determined that she was terminated because she refused to perform work within her restrictions, defendant was not entitled to summary judgment because "a jury could determine that defendant's proffered reason for termination was pre-textual." She asserts that the Board did not consider whether defendant had potential mixed motives "because such consideration was not allowed by the [workers' compensation] statute nor was it necessary to the determination of whether [plaintiff] failed to begin modified work authorized by her physician."

■        Plaintiff's argument seems to be that, even if the Board's determination conclusively establishes that she was terminated for refusing to perform work within her physician's restrictions, she nonetheless can prevail on her discrimination claim if she can demonstrate that a different motive, discrimination for her exercise of her workers' compensation rights, was a substantial factor in her termination. *See Seitz v. Albina Human Resources Center*, 100 Or App 665, 675, 788 P2d 1004 (1990). We disagree. In a mixed- motive discrimination case, a plaintiff can prevail despite an employer's legitimate reason for termination, if the plaintiff

whether the reason given for her termination was pretextual and whether defendant Dynic had a pattern and practice, which it applied to plaintiff, of discriminating against employees who had filed worker's compensation claims." It is clear from plaintiff's later argument in that response that she viewed evidence of a pattern and practice as showing that "the reason for her termination was pretextual." There is no indication that she intended to argue that she had an independent claim for pretermination discrimination.

can show that he or she "would not have been fired but for the unlawful, discriminatory motive of the employer." *Vaughn v. Pacific Northwest Bell Telephone*, 289 Or 73, 92, 611 P2d 281 (1980). Plaintiff's argument fails for the same reason the plaintiff's argument failed in *Callan v. Confed. of Oreg. Sch. Adm.*, 79 Or App 73, 717 P2d 1252 (1986). In that case, the plaintiff argued that the burden shifting mechanism that applies in federal employment discrimination cases applies to Oregon discrimination cases as well. *See McDonnell Douglas Corp. v. Green*, 411 US 792, 93 S Ct 1817, 36 L Ed 2d 668 (1973). We noted that, in *City of Portland v. Bureau of Labor and Ind.*, 298 Or 104, 690 P2d 475 (1984), the Supreme Court rejected that burden shifting in actions for employment discrimination under Oregon law. *Callan*, 79 Or App at 76. We noted, however,

"[e]ven assuming that the principle of proof plaintiff derives from the federal mixed motive cases is applicable to actions under ORS 659.121, this is not a mixed motive case; it is a case in which one party alleged discrimination and the other responded that there was *no* discriminatory actuation. Plaintiff does not explain how this can be regarded as a mixed motive case, beyond the bare assertion in her opening brief that she proceeded on that theory as well as on the theory that defendant's denial and its evidence of nondiscriminatory motivation were pretextual. In any event, whatever plaintiff's theories may be, the pleadings and the evidence present a simple either-or question * * *." *Id.* at 78.

The same reasoning applies in this case. Plaintiff alleged that she was discharged from her employment because she had "[made] known to defendant her intention to utilize the procedures provided under the workers' compensation statutes * * *." Defendants denied that allegation. This is a simple "either-or" case, in which there is no allegation or defense of mixed motive. The trial court did not err in concluding that, because plaintiff is precluded from relitigating the reason for her discharge from employment, defendants were entitled to summary judgment.

Affirmed.