Argued and submitted April 5, affirmed June 5,
petition for rehearing denied July 24, 1984

## SHAW,
*Respondent on Review,*

*v.*

## DOYLE MILLING COMPANY, INC.,
*Petitioner on Review.*

(No. 81-239; CA A25795; SC S30279)

683 P2d 82

John A. Hudson, Eugene, argued the cause for petitioner on review. With him on the briefs was Hudson & Kearney, P.C., Eugene.

Michael R. Stebbins, North Bend, argued the cause for respondent on review. With him on the brief was Hayner, Waring, Stebbins & Coffey, North Bend.

LENT, J.

## LENT, J.

This is a suit for injunctive and other relief under ORS 659.121 for an alleged violation of ORS 659.415. At the time with which this case is concerned, those statutes provided:

ORS 659.121(1):

"Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS * * * 659.415 * * * may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay. * * * In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees."

ORS 659.415:

"(1)   A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment or employment which is available and suitable upon demand for such reinstatement, provided that the worker is not disabled from performing the duties of such position. A certificate by a duly licensed physician that the physician approves the worker's return to the worker's regular employment shall be prima facie evidence that the worker is able to perform such duties.

"(2)   Any violation of this section is an unlawful employment practice."

The general issue is whether an employer must reinstate a worker to his former position of employment under ORS 659.415, where the employer has hired another employee to fill the position during the absence of the worker who had exercised his rights under the Workers' Compensation Law. We hold that it must. The particular issue is whether this plaintiff (Shaw) had to prove that his demand for reinstatement would not have been denied "but for" unlawful discriminatory motive on the part of defendant (Employer). We hold that he did not.

Shaw commenced employment at Employer's veneer mill in September, 1978. He worked as leadman[1] on the

---

[1] There was undisputed evidence that the leadman position involved duties and skills other than those of other employees who worked on the greenchain and that not

greenchain. The mill had periodic temporary layoffs. On November 14, 1979, Shaw and the other employees were laid off for an indefinite period. On December 10, 1979, Shaw applied for workers' compensation benefits for a compensable injury. On December 11, 1979, the mill reopened, but Shaw did not return to work because of his injury. On February 13, 1980, Shaw was released by his physician to return to his regular employment. On that same day he made demand for reinstatement to his former position. While he was off work due to the compensable injury, Employer had replaced him with another worker as leadman on the greenchain. Employer failed to reinstate Shaw to any position.

Shaw again became unable to work on September 26, 1980. There is no evidence that Shaw has again been released by a physician to return to work. By the date of trial, Employer had ceased ownership and operation of the mill. For those reasons, reinstatement of Shaw by the circuit court to his former position was then impossible.

The circuit court calculated the number of working days between February 13, 1980, and September 26, 1980, and subtracted days the mill was shut down. The court multiplied the result by Shaw's former daily wage. From the product, the sums for unemployment benefits and compensation from Shaw's other employment during the period were subtracted. The result was the amount the trial court found as lost wages. This amount, $4,152.51, was awarded to Shaw, in addition to $4,473.26 in attorney fees, costs and disbursements. The Court of Appeals affirmed without opinion.

■          This court has recognized a general rule that:

> "[I]n the absence of a contract or statute to the contrary, an employer may discharge an employee at any time and for any cause."

*Yartzoff v. Democrat-Herald Publishing Co.,* 281 Or 651, 655, 576 P2d 356 (1978).[2] ORS 659.415 requires an employer to reinstate an injured worker to the worker's former position unless he is disabled from performing it. This court has

all employees who worked on the greenchain were capable of filling the leadman position.

[2] We have noted, however, that the general rule is falling into disfavor in many states. *See, e.g., Delaney v. Taco Time Int'l.,* 297 Or 10, 14, 681 P2d 114 (1984).

equated a refusal to reinstate with a "discharge." *Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 79, 611 P2d 281 (1980). Thus, ORS 659.415 constitutes a statutory exception to the general rule that an employer may discharge a worker at any time and for any cause.

Employer argues that where filling the position with another worker is necessary to operation of the enterprise, the situation is the same as would be the case where the position has been completely abolished by management utilization of technological advances. The latter situation is not before us and is not here decided. As to the situation that is before us, Employer argues that the legislature could not have intended reinstatement where a short-time employee is disabled by job injury, is off work two years and then returns to claim the position from one who has been necessarily employed in that position during that period. That argument is addressed to legislative wisdom, and it is not for this court to respond.

The main purpose of ORS 659.415 is to guarantee that an employer shall not discriminate against a disabled worker for exercising the worker's rights under the Workers' Compensation Law. This statute is but one of a set of statutes reflecting the legislature's concern to prohibit employment discrimination on the basis of handicap. *Vaughn v. Northwest Bell Telephone, supra,* 289 Or at 88. Where the position still exists, although filled by another employee, the returning employee is entitled by the statutory text to reinstatement. To hold otherwise would permit an employer unilaterally to vitiate the mandate of ORS 659.415 and to thwart the broader legislative scheme to afford employment opportunity and security to the handicapped.

Employer argues that under our decision in *Vaughn v. Pacific Northwest Bell Telephone, supra,* Shaw cannot prevail because he did not prove that he would not have been discharged "but for" a discriminatory motive of his employer. In *Vaughn* we stated:

> "If the worker is discharged for just cause, the employer can prove this * * * as a matter of defense in a suit pursuant to ORS 659.121."

289 Or at 80. We formulated the "just cause" issue:

> "The question then is what effect the employer's evidence of

just cause for discharge has on the court's remedial authority in ORS 659.121(1)."

289 Or at 90. We did state that in cases of mixed motives for the discharge, i.e., where the discharge is motivated in part by poor work record or misconduct and in part by unlawful discrimination by the employer, the employee could not prevail unless the court

"finds that the employee would not have been discharged but for the unlawful discriminatory motive of the employer."

289 Or at 92. In the case at bar the invocation of that language from *Vaughn* is of no avail.

In *Vaughn* we reversed a summary judgment for the employer and remanded to the trial court to find the reason(s) for discharge. The instant case has already been tried as a suit in equity. The trial judge found, based on the evidence, that reinstatement was denied because Employer would not displace the worker who performed the duties of the position during Shaw's absence. We assume that by affirming the trial court the Court of Appeals made the same finding. ORS 19.125(3) provides that upon appeal from a decree in a suit in equity the Court of Appeals shall try the cause anew upon the record.

■ There is evidence that persuades us to the same result. ORS 19.125(4). During trial, the following testimony was adduced as Employer's counsel cross-examined Mr. Sidney Lansing, former comptroller of Employer:

"Q. When * * * Shaw came back on the 13th, between the 13th of February and the 17th of March, was — was someone else in his position?

"A. Oscar Sapp.

"Q. Okay. And had that position been available up until the time just before you started these other things and had questions arise, would he [Shaw], as far as you know, been hired back at that time?

"A. Yeah, I would have hired him if it had been that way. I didn't have any indication not to."

Employer's reason for not reinstating Shaw was that his position had been filled with another employee. This reason does not constitute "just cause" for refusing to reinstate or for discharging Shaw. If Shaw had remained at work instead of

pursuing a workers' compensation claim, he would not have been discharged. If his position had not been filled, he would have been reinstated upon his release to return to work.

In the instant case, Employer did not establish any just cause for discharge; therefore, Shaw did not have to show that he would have been reinstated "but for" Employer's unlawful employment practice.

The decision of the Court of Appeals is affirmed.