Argued and submitted December 13, 1984, reversed and remanded January 15, 1985

## WILLIAMS,
*Petitioner on review,*

*v.*

## WATERWAY TERMINALS COMPANY,
*Respondent on review.*

(CC A8108-05154; CA A27781; SC S31113)

693 P2d 1290

Douglas A. Swanson, of Royce, Swanson & Thomas, Portland, argued the cause and filed the petition and briefs for petitioner on review.

Paula B. Weiss, of Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, argued the cause and filed the response and brief for respondent on review.

James L. Edmunson, Eugene, filed an amicus curiae brief on behalf of the Oregon Workers' Compensation Attorneys Association.

Henry H. Drummonds, of Kulongoski, Heid, Durham & Drummonds, Portland, filed an amici curiae brief on behalf of the Oregon Education Association, Oregon AFL-CIO, Teamsters Local 670, American Federation of State, County and Municipal Employees Council 75, and United Food and Commercial Workers Local 1092.

JONES, J.

## JONES, J.

This is a suit for relief under ORS 659.121 for an alleged violation of ORS 659.415. Plaintiff's complaint alleges that defendant, his former employer, committed an unlawful employment practice as defined by ORS 659.415, by failing to reinstate plaintiff after he sustained a compensable injury under the Workers' Compensation Act. At the relevant time, ORS 659.415 provided:

"(1) A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment or employment which is available and suitable upon demand for such reinstatement, provided that the worker is not disabled from performing the duties of such position. A certificate by a duly licensed physician that the physician approves the worker's return to the worker's regular employment shall be prima facie evidence that the worker is able to perform such duties.

"(2) Any violation of this section is an unlawful employment practice."

ORS 659.121(1) allows a civil action for violations of ORS 659.415(1) and at the relevant time provided:

"Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS * * * 659.415 * * * may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay. * * *"

The facts are not in dispute. Plaintiff (Williams) was employed by defendant Waterway Terminals Company (Waterway) in 1967. On September 17, 1976, Williams sustained a compensable injury and was temporarily totally disabled. Sometime prior to September 25, 1977, he indirectly learned he had been discharged from his employment.[1] He continued to receive workers' compensation benefits. During this time he was under a physician's care and unable to work.

On May 12, 1980, Williams demanded reinstatement to his former position or to another position which was

---

[1] Williams discovered he was discharged when his wife applied for dental insurance coverage and was refused because of the termination. Neither party has provided the precise date of discharge.

available and suitable. On May 14, 1980, he presented Waterway with a physician's certificate approving his return to work as of May 12. Waterway refused to reinstate him.

On May 27, 1980, Williams filed a complaint with the Bureau of Labor. On June 10, 1980, Waterway reinstated Williams, but the complaint was not dismissed. On May 27, 1981, the Bureau of Labor issued a Private Right of Action Notice, and in August, 1981, Williams filed this civil action seeking back wages from May 12 to June 10, 1980, reimbursement for medical expenses which would have been covered had he been reinstated on May 12, and attorney fees.

Waterway moved for summary judgment, asserting the trial court lacked jurisdiction either because (1) Williams had no private right of action,[2] or (2) Williams' claim was time-barred. The trial court granted the defendant's motion without stating the ground for its decision.

The Court of Appeals, Rossman, J., dissenting, affirmed the trial court and held that the applicable statute of limitations began to run on the date of Williams' discharge and, consequently, this suit, commenced almost three years after the date of discharge, was time-barred. *See, Williams v. Waterway Terminals Co.,* 69 Or App 388, 686 P2d 441 (1984). We reverse.

■  The time limitation for filing a complaint with the Bureau of Labor is one year "after the alleged unlawful employment practice." A civil action must also be filed within one year if no complaint to the Bureau of Labor is made. ORS 659.040(1); 659.121(3). Where a complaint is first made to the Bureau of Labor, as in this case, ORS 659.095(1) provides an additional 90 days in which to commence a civil action following notice from the Bureau of Labor that the initial complaint has not been resolved.

The particular issue in this case is when a claim under ORS 659.415 accrues for limitations purposes. The Court of Appeals held that the key date was the date of

---

[2] The assertion that the trial court lacked jurisdiction because Williams had no private right of action was based on the effective date of ORS 659.121(1), October 4, 1977. Prior to that date, no private right of action existed. If Williams' discharge in September, 1977, was the relevant date for determining when his claim accrued, no private right of action would have been available.

Williams' discharge, and that on that date the employment relationship was severed, which necessarily terminated any reinstatement right Williams might have had. According to the Court of Appeals, if Williams' discharge was the result of an unlawful employment practice under ORS 659.410,[3] which prohibits discrimination against workers who apply for workers' compensation benefits, Williams should have filed a complaint with the Bureau of Labor within one year after the discharge occurred.

■■ We agree with the Court of Appeals' premise that discharge severs the employment relationship. However, we disagree with its conclusion that a worker's right to demand reinstatement does not survive an interim discharge occurring before the worker is technically entitled to make a demand for reinstatement under the terms of ORS 659.415.

ORS 659.415(1) is phrased in mandatory terms: The worker "shall be reinstated." This court has previously noted that ORS 659.415, together with ORS 659.410, is an integral part of the legislative scheme to prohibit employment discrimination on the basis of physical or mental handicap. *See, Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 611 P2d 218 (1980). As we stated in *Shaw v. Doyle Milling Co.,* 297 Or 251, 255, 683 P2d 82 (1984):

> "The main purpose of ORS 659.415 is to guarantee that an employer shall not discriminate against a disabled worker for exercising the worker's rights under the Workers' Compensation Law. This statute is but one of a set of statutes reflecting the legislature's concern to prohibit employment discrimination on the basis of handicap. * * *"

If the Court of Appeals' analysis in this case is accepted, an employer may readily circumvent the legislative policy embodied in ORS 659.415 and avoid the clear mandate of the statute. Judge Rossman, in his dissent, offers the following example:

---

[3] ORS 659.410 provides:

"It is an unlawful employment practice for an employer to discriminate against a workman with respect to hire or tenure or any term or condition of employment because the workman has applied for benefits or invoked or utilized the procedures provided for in ORS 656.001 to 656.794 and 656.802 to 656.824, or of 659.400 to 659.435 or has given testimony under the provisions of such sections."

"* * * [I]f a worker sustains a compensable injury which will disable him for over one year, the employer could terminate the injured worker without any notice. If the worker does not discover that he was terminated within one year, then any cause of action under ORS 659.410 would be time barred under ORS 659.121(3). Once the worker is able to return to work and demands reinstatement, pursuant to ORS 659.415, the employer would argue that no reinstatement right survived the discharge. Thus, the employer could manipulate and control the worker's statutory right. * * *" 69 Or App at 395 (footnotes omitted).

Judge Rossman's concern is not fanciful. He describes precisely the type of manipulation which permits an employer unilaterally to vitiate the mandate of ORS 659.415 and to thwart the broader legislative scheme, a practice we condemned in *Shaw v. Doyle Milling Co., supra,* 297 Or at 255.

The Court of Appeals majority, by indicating that an action under ORS 659.410 is a prerequisite to an action for reinstatement under ORS 659.415, misconstrues the relationship between the two statutes. Although ORS 659.415 is narrower in scope than ORS 659.410, each describes a separate and independent unlawful employment practice. ORS 659.415(2) specifically designates that any violation of ORS 659.415(1) is an "unlawful employment practice." In *Vaughn v. Pacific Northwest Bell Telephone, supra,* we noted that the Oregon legislature in ORS 659.121(1) did not assign priorities to the various types of employment discrimination. We determined that a worker claiming *any* type of unlawful employment practice listed in ORS 659.121(1) is entitled to bring suit for relief under that statute. 289 Or at 88.

In *Shaw,* we recognized the general rule that "in absence of a contract or statute to the contrary, an employer may discharge an employee at any time and for any cause." 297 Or at 254. However, we also noted that ORS 659.415 constitutes a statutory exception to the general rule. However, this does not mean that the employer may never lawfully refuse to reinstate an employe who makes a demand for reinstatement pursuant to ORS 659.415(1). As we recognized in *Vaughn v. Pacific Northwest Bell Telephone, supra,* that statute requires reinstatement unless the employer had just cause to discharge the employe.

*Vaughn* involved a question of the proper relationship between a discharged employe's collective bargaining agreement and the relief available under ORS 659.121(1). The plaintiff was refused reinstatement under ORS 659.415(1) after recovering from a compensable injury. As in this case, the employe was terminated prior to her demand for reinstatement. The defendant employer contended, *inter alia,* that because the plaintiff was discharged prior to her demand for reinstatement, she could not bring suit for relief pursuant to ORS 659.121(1) and 659.415 but was limited to the remedies under the collective bargaining agreement. This argument was based on a perceived distinction between nonreinstatement, which is forbidden by the statutes, and discharge, which is not expressly mentioned. We rejected the employer's argument because

> "* * * 'nonreinstatement' and 'discharge' mean the same thing to a worker, and the timing of such a discharge should not by itself determine the worker's forum for seeking a remedy. The scenario of worker discharges following a compensable injury and lost time can fall into two patterns: (1) the worker loses time due to a compensable injury, demands reinstatement, and is refused reinstatement, that is, is 'discharged' *after* the demand; or (2) a worker loses time due to a compensable injury, is notified *during* this time that he is discharged, and then demands reinstatement. It might seem that ORS 659.415 requires reinstatement of the worker even if the employer has just cause to 'discharge' by refusing to reinstate, but, as will appear later, nothing in ORS Chapter 659 prevents an employer from discharging a worker for just cause. If the worker is discharged for just cause, the employer can prove this in the grievance proceeding or as a matter of defense in a suit pursuant to ORS 659.121. The worker's right to bring suit for injunctive relief pursuant to ORS 659.121(1) must be based on reasoned policy rather than fortuitous timing." *Vaughn,* 289 Or at 79-80 (emphasis in original).

■ The second scenario is essentially the situation in this case. We suggested in *Vaughn,* and we hold in this case, that a worker's statutory reinstatement right under ORS 659.415(1) cannot be lost due to fortuitous timing. The right to demand reinstatement survives any interim discharge occurring before the worker is entitled, under the terms of the statute, to assert that statutory right. Otherwise the statutory right embodied in ORS 659.415 could be so readily circumvented in many cases that this could not have been intended

in the statutory scheme.

■ A claim under ORS 659.121(1) may arise from a violation of one of a number of separately defined unlawful employment practices. The date on which the claim accrues is determined by the alleged unlawful practice. ORS 659.040(1). For example, retaliatory discharge of an employe who applies for workers' compensation benefits is prohibited by ORS 659.410. A civil claim under ORS 659.121(1) alleging a retaliatory discharge would accrue upon discharge, the date of the alleged unlawful employment practice.

■ In this case, Williams alleged a violation of ORS 659.415(1). The statute prohibits nonreinstatement of a worker provided the worker is no longer disabled from performing his duties. No unlawful employment practice claim could accrue until Williams (1) was able to perform his duties, (2) demanded reinstatement, and (3) was refused. The claim did not accrue, nor did the time limitation begin to run, until May 12, 1980, when Williams was (1) able to return to work, (2) demanded reinstatement and (3) was refused by his employer.

Williams made a timely filing with the Bureau of Labor in May, 1980, after defendant refused to reinstate him. His subsequent filing with the Multnomah County Circuit Court in August, 1981, was also timely filed. The summary judgment in favor of defendant is reversed, and the case remanded to the trial court for further proceedings not inconsistent with this opinion.