Argued and submitted December 5, 1986, affirmed January 28, Bureau of Labor's reconsideration denied April 10, North Bend's reconsideration denied April 16, both petitions for review allowed May 27, 1987 (303 Or 454)

# KNAPP,
*Respondent,*

*v.*

# CITY OF NORTH BEND,
*Appellant.*

(85-919; CA A38486)

732 P2d 31

Daniel M. Spencer, Coos Bay, argued the cause for appellant. With him on the briefs was Foss, Whitty & Roess, Coos Bay.

Michael R. Stebbins, North Bend, argued the cause for respondent. With him on the brief was Hayner, Stebbins & Coffey, North Bend.

Larry K. Amburgey and Craig A. Crispin, Portland, filed a brief *amici curiae* for Food Employers, Inc.; Gourmet Brands, Inc.; Lynden Farms/Belozer's Hatchery; McCracken Motor Freight, Inc.; Mid-Columbia Medical Center; Nike, Inc.; Northwest Packers Industrial Associations, Inc.; Oregon Self-Insurers Association; Oregon Trucking Association, Inc.; PayLess Drug Stores Northwest, Inc.; Portland Chamber of Commerce; The Port of Portland; Rogue Valley Medical Center; Silver Eagle Industries; Stayton Canning Company; Timber Operators Council; Truitt Brothers, Inc.; and Trus Joist Corporation.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff was employed as a police sergeant by defendant city and suffered an on-the-job injury in January, 1983, for which he received workers' compensation benefits. His physician released him for regular work in November, 1984. Between those dates, defendant promoted another officer to fill his former position. When plaintiff requested reinstatement to the position, defendant refused on the ground that the position was not available. Defendant later rehired him as a patrolman. The principal issue is whether defendant's failure to reinstate plaintiff to his former position violated ORS 659.415(1),[1] which provides:

> "A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, provided that the position is available and the worker is not disabled from performing the duties of such position. If the former position is not available, the worker shall be reinstated in any other position which is available and suitable. A certificate by a duly licensed physician that the physician approves the worker's return to the worker's regular employment shall be prima facie evidence that the worker is able to perform such duties."

In *Shaw v. Doyle Milling Co.,* 297 Or 251, 683 P2d 82 (1984), the Supreme Court answered essentially the same question under the statute as it read before it was amended by Oregon Laws 1981, chapter 874, section 14. The statute construed by the Supreme Court provided:

> "A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment or employment which is available and suitable upon demand for such reinstatement, provided that the worker is not disabled from performing the duties of such position. A certificate by a duly licensed physician that the physician approves the worker's return to the worker's regular employment shall be prima facie evidence that the worker is able to perform such duties."

The court concluded:

> "The main purpose of ORS 659.415 is to guarantee that an

---

[1] A violation of that provision is an unlawful employment practice under ORS 659.415(3) and is actionable under ORS 659.121.

employer shall not discriminate against a disabled worker for exercising the worker's rights under the Workers' Compensation Law. This statute is but one of a set of statutes reflecting the legislature's concern to prohibit employment discrimination on the basis of handicap. * * * Where the position still exists, although filled by another employee, the returning employee is entitled by the statutory text to reinstatement. To hold otherwise would permit an employer unilaterally to vitiate the mandate of ORS 659.415 and to thwart the broader legislative scheme to afford employment opportunity and security to the handicapped." 297 Or at 255.

Defendant and *amici* argue that the present statute cannot be interpreted as its predecessor was in *Doyle,* because the 1981 amendment added the proviso to the reinstatement requirement that the former position be "available." They maintain that "available" means existing and vacant; plaintiff contends that a worker's former position is "available" if it exists, whether or not it has been filled by another employe between the time when the worker was injured and the time when he qualifies for and demands reinstatement.

The parties' most persuasive arguments turn on their views of the policy and purpose of the statute. However, defendant and *amici* make a number of other arguments which we will address first. They rely on the legislative history of the statute as originally enacted by Oregon Laws, 1973, chapter 660, section 5, the history of the 1981 amending act, the legislature's decisions not to amend the statute in 1979[2] and 1983 and interpretations of the statute by the Bureau of Labor and Industries (Bureau). The thrust of the arguments is that, when it was originally enacted in 1973, the statute was intended to require reinstatement only if the employe's former position was vacant; that the Bureau has always so interpreted the statute, before and after the 1981 amendment; that that amendment was designed to clarify and restate the original intent and was not meant as a substantive change; and that the legislature's inaction in 1979 and 1983, like its action in 1981, reflected its awareness and acceptance of the Bureau's administrative interpretation. Those arguments defeat themselves, because they presuppose that before the

---

[2] ORS 659.415 was amended by Oregon Laws 1979, chapter 813, section 3, but not in any respect which bears on the issue here.

1981 amendment the statute meant the opposite of what the Supreme Court construed it to mean in *Shaw v. Doyle Milling Co., supra.*

*Amici* state:

"Plaintiff argued below that (1) the Legislature's 1981 amendment was not intended to change prior law, (2) *Shaw v. Doyle Milling Co., supra,* defined the plain language of the prior law, and (3) therefore, the Legislature intended its 1981 amendment to fall within the terms of the *Shaw* interpretation.

"This logic is a classic non sequitur. The erroneous logic fails because the Legislature intended to preserve what *it believed to be prior law,* not what the court some three years later read into the words of the prior statute. Far from intending no change from a *Shaw* interpretation, the 1981 amendments intended no change from requiring reinstatement—but only to an open or next available position." (Emphasis *amici's.*)

We think that the *non sequitur* is to be found in *amici's* argument rather than plaintiff's. The court in *Shaw* declared what the prior law meant; it is circular to argue that the prior law had a different meaning, or that the legislature so believed, before the court said what it meant. Stated otherwise, the law meant at the beginning of 1981 what the court in 1984 interpreted it to have meant at the beginning of 1981.[3]

Defendant and *amici* contend that *Shaw* is not dispositive, because it construed ORS 659.415(1) before it was

---

[3] In 1983, the Bureau promulgated OAR 839-06-140, which, as pertinent, defines "available" as "vacant." That rule is of little assistance to us, because it simply perpetuated the Bureau's incorrect understanding of what the unamended statute meant and, therefore, what the Bureau regarded the clarifying 1981 amendment as continuing to mean. (The Bureau offered a statement to the House Committee on Labor that the proposed 1981 amendment was intended to clarify "the intent of the statute, but does not alter any rights presently enjoyed by workers subject to this provision.") *Shaw* was decided the year after the promulgation of the rule.

Defendant also relies on our decision in *Carney v. Guard Publishing Co.,* 48 Or App 147, 616 P2d 548, *modified* 48 Or App 927, 630 P2d 867, *rev den* 290 Or 171 (1980), as support for its interpretation of "available." The language it points to in *Carney* is, in its context, of no assistance to defendant. The statute we interpreted in *Carney* was ORS 659.420, which pertains to reemployment of injured workers in *other* "available and suitable" positions if they are *unable* to resume their former positions. Different considerations arise when the issue is the displacement of workers to provide a position for an injured worker who never held that position rather than restoring a worker to a former position which the employer filled during the worker's disability.

amended to add the language on which they rely. We agree that *Shaw* is not directly controlling regarding the meaning of that language.[4] However, *Shaw* is fatal to defendant's and *amici's* arguments based on legislative history and the Bureau's interpretations of the statute, because those arguments rest on the premise that, before the amendment, the statute meant what the court in *Shaw* held that it did not. We turn to whether the amendment changed that meaning.

The phrase "provided that the position is available" is ambiguous; "available" *can* reasonably be defined in two different ways, as the parties arguments demonstrate. The legislative history of the 1981 amendment is not helpful, much less decisive, in ascertaining which definition the legislature intended. As best we can discern, the principal purpose of the relevant portion of the amendment had little to do with the addition of the "available" proviso to the reinstatement requirement. The purpose was to make clear that reinstatement to a former position and placement in a different available and suitable position were sequential requirements rather than options between which employers could freely choose.

The question becomes which of the possible interpretations of "available" is more consistent with the statutory purposes and policies. *See State ex rel Cox v. Wilson,* 277 Or 747, 562 P2d 172 (1977). Both parties offer persuasive arguments. Defendant contends:

> "The purpose of the statute is to maintain the employment relationship. The employer must reinstate a worker to his former position if it is vacant. If it is not vacant, then the worker is to be reinstated to the next suitable vacancy. The statute does not require the employer to preserve a worker's former position, and reinstate the worker to that position regardless of how long the worker has been off, and regardless of whether the position has been filled by another worker.

> "The proviso in ORS 659.415 '* * * provided the position is available * * *,' limits the employer's obligation under the statute. It protects the employer by limiting the nature of the affirmative act required under the statute.

---

[4] The court in *Shaw* did not construe the word "available," which did appear in the unamended statute in connection with positions other than the employe's former one.

"To interpret the proviso '* * * provided that the position is available' to mean '* * * provided that the position is in existence * * *,' would require the employer to reinstate the worker to his former position regardless of how long he has been away from his job, and regardless of whether the position has been filled by another worker. Such an interpretation would provide the employer with little or no protection, and render the limiting clause meaningless.

"A common scenario in the work place is that after a worker is injured, his position is filled by another worker so that the business at hand continues. To interpret 'available' to mean 'vacant,' as opposed to 'in existence' is more reasonable. The worker's 'employee' status is maintained, while at the same time the employer's responsibility under the statute, as intended by the legislature, is limited in such a way to provide for an orderly workplace."

### Plaintiff responds:

"To hold that an employer does not have a duty to reinstate the injured worker would leave that worker and his or her family without a job and without income. Such a result would virtually render ORS 659.415 meaningless. No worker with a family to support will dare to make a claim for workers' compensation benefits where it might result in him or her being off of work for any length of time. There would be no job for them when they returned to work. They would no longer be entitled to temporary total disability benefits under the Workers' Compensation System, and they would be reduced to seeking income through the welfare system. This clearly undermines the employee's ability to resort to the Workers' Compensation System which is contrary to the public policy of the State of Oregon.

"* * * * *

"To interpret the statute as urged by the defendant, would result in the injured worker not being returned to a position of self-support and maintenance until such time as the employer deemed it appropriate. Additionally, the statutory interpretation urged would result in the handicapped worker's right to engage in remunerative employment not being protected, but being subject to the whim of the employer."

### The trial court explained its ruling:

"There are two competing values in the case which are important and deserve recognition. Both values have merit and it is unfortunate the court cannot equally balance them.

As the court stated, the interpretation set forth by plaintiff as to the meaning of ORS 659.415 is more reasonable and fair. The Oregon legislature could not have intended for an injured workman to be jobless because his employer must fill the workman's position during his period of disability. This would put a high premium on seeking benefits, especially in cases where a workman has no choice because his injury is of such a severity that he could not work even if he wanted to do so. The workman could do nothing to protect himself. On the other hand, the employer can protect itself by making it clear that any replacement may very well be temporary. This may not be the best solution, but at least it is available to the employer."

■ We agree with plaintiff and the trial court. It is significant that, at the time when it added the new proviso to the reinstatement requirement, the legislature did not amend ORS 659.405, which declares the policy of the statutes, including ORS 659.415, relating to civil rights of the handicapped. Under the current statute, as under the earlier version construed by the court in *Shaw*, the interpretation defendant advocates "would permit an employer unilaterally to vitiate the mandate of ORS 659.415 and to thwart the broader legislative scheme to afford employment opportunity and security to the handicapped." 297 Or at 255. Stated summarily, defendant's interpretation would enable employers to free themselves from the statutory reinstatement requirement simply by deciding to fill an injured employe's position with a permanent replacement. We hold that, because plaintiff's former position was in existence at the time when he sought and was qualified for reinstatement, defendant violated the statute by not reinstating him.

■ Defendant also assigns error to the court's award of back wages to plaintiff. It argues that, "because the employer in this case fulfilled its statutory duty pursuant to the terms of [ORS 659.415], plaintiff is not entitled to back wages from the time of his request for reinstatement." We have held that defendant did not comply with ORS 659.415(1), and plaintiff was therefore entitled to the damages awarded. ORS 659.121(1).

Affirmed.