Argued and submitted July 7, reversed August 24, reconsideration
denied October 6, 1987

KNAPP,
*Respondent on Review,*

*v.*

CITY OF NORTH BEND,
*Petitioner on Review.*

(TC 85-919; CA A38486; SC S33737, S33823)

741 P2d 505

Daniel M. Spencer, Coos Bay, argued the cause and filed the petition on behalf of the petitioner on review. With him on

the petition were Paul L. Roess and Foss, Whitty & Roess, Coos Bay.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause on behalf of the intervenor/petitioner on review, State of Oregon Bureau of Labor and Industries. The petition for review was filed by Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David Schuman, Assistant Attorney General, Salem.

Michael R. Stebbins, North Bend, argued the cause on behalf of the respondent on review.

Susan P. Graber, Eileen Drake and Stoel, Rives, Boley, Fraser & Wyse, Portland, filed an *amici curiae* brief on behalf of A-Dec, Inc.; Bohemia, Inc.; Good Samaritan Hospital; Kaiser Foundation Health Plan of the Northwest and Kaiser Foundation Hospitals; Les Schwab Tire Centers of Oregon and Les Schwab Warehouse Center, Inc.; Leupold & Stevens, Inc.; and Precision Castparts Corp.

Larry K. Amburgey, Craig A. Crispin and Bullard, Korshoj, Smith & Jernstedt, P.C., Portland, filed an *amici curiae* brief on behalf of City of Portland; Food Employers, Inc.; HealthLink; Lamb-Weston, Inc.; Lynden Farms/Belozer's Hatchery; McCracken Motor Freight, Inc.; McPike Marketing, Inc.; Mid-Columbia Medical Center; Nike, Inc.; Northwest Packers Industrial Association, Inc.; Oregon Self-Insurers Association; Oregon Trucking Association, Inc.; Pacific Northwest Bell; PayLess Drug Stores Northwest, Inc.; Portland Chamber of Commerce; The Port of Portland; Rogue Valley Medical Center; Silver Eagle Industries; Stayton Canning Company; Tektronix, Inc.; Timber Operators Council; Truitt Brothers, Inc.; United Grocers, Inc.; and Western Bank.

GILLETTE, J.

## GILLETTE, J.

The issue in this employment discrimination case is whether an employer must reinstate a worker, who has sustained a compensable injury, to his or her former position, upon the worker's demand for reinstatement, when the position the worker formerly occupied still exists but no longer is vacant. ORS 659.415 provides:

"(1)  A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, provided that the position is available and the worker is not disabled from performing the duties of such position. If the former position is not available, the worker shall be reinstated in any other position which is available and suitable. A certificate by a duly licensed physician that the physician approves the worker's return to the worker's regular employment shall be prima facie evidence that the worker is able to perform such duties.

"(2)  * * * * *

"(3)  Any violation of this section is an unlawful employment practice."

The Court of Appeals held that a former position is "available" within the meaning of ORS 659.415(1) if it still exists, even if, at the time of the demand for reinstatement, it has been filled by a permanent employe. *Knapp v. City of North Bend,* 83 Or App 350, 732 P2d 31 (1987). We hold that the legislature intended to require reinstatement to a former position only where that position is existing and vacant. Accordingly, we reverse.

From October 8, 1975, to January 22, 1983, plaintiff worked as a sergeant on the North Bend police force. On January 22, 1983, he sustained a compensable injury and, as a result, was unable to work until November 27, 1984. Upon being released to work on that date, plaintiff demanded reinstatement to his former position pursuant to ORS 659.415(1). Defendant city refused, because another employe had been promoted permanently to fill plaintiff's former position and because there were no other suitable vacant positions at that time. On May 29, 1985, a patrol officer position became vacant, and defendant reinstated plaintiff in that position.

Plaintiff filed this action, alleging that defendant

engaged in an unlawful employment practice in refusing to reinstate him to his former position. The case was tried on stipulated facts. The trial court ruled that defendant was required to reinstate plaintiff in his former position. The court ordered that plaintiff be reinstated and awarded him back wages from the time of his request for reinstatement.

The Court of Appeals affirmed. It found that the proviso that a former position be "available" was ambiguous and that the legislative history offered little guidance in determining whether "available" meant "existing and vacant" or, merely, "existing." 83 Or App at 355. The court then examined which definition was more consistent with the legislature's policy in enacting ORS 656.415(1). Defendant had argued that the legislature intended to preserve the employment relationship while permitting the employer to maintain an orderly workplace by filling vacancies with permanent employes, rather than temporary replacements for injured workers who may be unable to return to work for long periods of time.[1] Plaintiff had argued that the legislature's primary purpose was to facilitate an injured worker's return to self-sufficient status. The trial court found that, although both arguments had merit, plaintiff's interpretation of the term "available" was the more reasonable, because:

> "The Oregon legislature could not have intended for an injured workman to be jobless because his employer must fill the workman's position during his period of disability. This would put a high premium on seeking benefits, especially in cases where a workman has no choice because his injury is of such a severity that he could not work even if he wanted to do so. The workman could do nothing to protect himself. On the other hand, the employer can protect itself by making it clear that any replacement may very well be temporary. This may not be the best solution, but at least it is available to the employer."

The Court of Appeals agreed, noting that "[u]nder the current statute, as under the earlier version construed by the court in *Shaw,* the interpretation defendant advocates 'would permit an employer unilaterally to vitiate the mandate

---

[1] As defendant points out, it may be difficult to find qualified workers who are willing to accept temporary employment. Moreover, if ORS 659.415 means "existing, even if not vacant," there is no limit on how long an employer would be required to hold the worker's former position open.

of ORS 659.415 and to thwart the broader legislative scheme to afford employment opportunity and security to the handicapped.' " 83 Or App at 357 (quoting *Shaw v. Doyle Milling Co.,* 297 Or 251, 255, 683 P2d 82 (1984)).

In *Shaw,* this court held that, under a previous version of ORS 659.415(1),[2] an employer was required to reinstate a worker to the worker's former position even though that position had been filled by another permanent employe. In 1981, three years before *Shaw* was decided (but after the events with which *Shaw* dealt), the legislature amended ORS 659.415(1) to add, *inter alia,* the proviso that the former position be "available." Or Laws 1981, ch 874, § 14. Some of the legislative history of the amendment suggests that the legislature intended to clarify, not to change, the law. Plaintiff argues that, therefore, the legislature must have intended the *Shaw* rule, which was announced three years after the amendment, to apply to the amended version.

The Court of Appeals correctly concluded that *Shaw* is not dispositive. That case interpreted the pre-1981 version of ORS 659.415(1) three years after 1981, when the language at issue here was added to the statute. We turn to an examination of the language added in 1981.

We agree with the trial court that the policy arguments submitted on behalf of both employers and injured workers have merit. The statute under consideration here clearly was the result of the legislature's balancing of those competing interests, intending to achieve some sort of compromise by adding the word "available." The Court of Appeals went through the balancing of the competing policy considerations for itself in arriving at what it believed to be the most "reasonable" interpretation of the term "available." We decline to embark upon such an analysis because there are

---

[2] Prior to 1981, ORS 659.415 provided:

"(1) A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment or employment which is available and suitable upon demand for such reinstatement, provided that the worker is not disabled from performing the duties of such position. A certificate by a duly licensed physician that the physician approves the worker's return to the worker's regular employment shall be prima facie evidence that the worker is able to perform such duties.

"(2) Any violation of this section is an unlawful employment practice."

other indications of the legislature's intent sufficient to demonstrate that "available" means "vacant."

The Bureau of Labor and Industries (Bureau) is charged with the administration of the employment discrimination law. ORS 659.040 to 659.103. Effective January 26, 1983, the Bureau promulgated OAR 839-06-140, which defines "available," for the purposes of ORS 659.415(1), as follows:

"(1)   Except as limited by sections (2) and (3) of this rule, a job is available if it is:

"(a)   Vacant at the time of the injured worker's demand or becomes vacant after the injured worker's demand for reinstatement/reemployment; or

"(b)   Filled but available under a provision of the employer's policy and practices or a provision of a valid collective bargaining agreement.

"(2)   A job is not available if another worker has a prior right to that job:

"(a)   Under a provision of a valid collective bargaining agreement; or

"(b)   Under an employer's recall from layoff system which identifies a method for determining layoff and recall rights and places workers on a list in a specific order.

"(3)   The employer has no duty to create a job for the returning injured worker."

The Court of Appeals noted that, in 1981, a Bureau representative told the House Committee on Labor that the 1981 amendment was intended to clarify the statute's language, not to change it. The court concluded that the agency's interpretation of the term "available" was unhelpful, because:

"[OAR 839-06-140] simply perpetuated the Bureau's incorrect understanding of what the unamended statute meant and, therefore, what the Bureau regarded the clarifying 1981 amendment as continuing to mean." 83 Or App at 354 n 3.

The summary dismissal of the administrative rule quoted above by the Court of Appeals was inappropriate. Even if the Bureau's understanding of the pre-1981 language was incorrect, the administrative rule was promulgated under the *post*-1981 amended version of ORS 659.415. For its part, the *Shaw* decision, issued the year after OAR 839-06-140, did not

purport to construe the word "available" nor, as noted above, is it dispositive of the statute's meaning after the 1981 amendment. The Court of Appeals erred in finding that *Shaw* had, in effect, invalidated the rule.

■ The interpretation of a statute by the agency charged with its enforcement and administration, although not binding, is entitled to our careful consideration. *Van Ripper v. Liquor Cont. Com.,* 228 Or 581, 593, 365 P2d 109 (1961). It is true that "available" is not a highly technical term requiring a high degree of deference to the agency's expertise. *Cf. McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979). Neither is it a "delegative" term requiring the agency to complete a partially-stated legislative policy. *See Springfield Education Assn. v. School Dist.,* 290 Or 217, 228-30, 621 P2d 547 (1980). On the other hand, the legislature has met three times since the rule was promulgated without amending the statute. *See Spencer v. City of Portland,* 114 Or 381, 235 P 279 (1925) (practical interpretation of a statute by the agency charged with its administration, if acted on for a number of years, will not be disturbed except for very cogent reasons).

In addition, the Bureau's interpretation of "available" is persuasive for reasons apparent on the face of the statute itself. The word "available" appears three times in the current version of ORS 659.415(1), and once in a companion statute, ORS 659.420.[3] Absent any indication to the contrary, we assume that statutory terms have the same meaning throughout a statute. *Pense v. McCall,* 243 Or 383, 389, 413 P2d 722 (1966). ORS 659.415 provides that, if the injured worker's former position is not available, the worker must be reinstated to another position that is suitable and — again — available. In this context, we think it highly unlikely that the legislature intended to give a previously injured worker the absolute right to displace another employe who holds a "suitable" job, even if that job was not the injured worker's former position. The Court of Appeals' interpretation either would attribute to the legislature such an intent or it would give

---

[3] ORS 659.420(1) provides:

"A worker who has sustained a compensable injury and is disabled from performing the duties of the worker's former regular employment shall, upon demand, be reemployed by the worker's employer at employment which is available and suitable."

different meanings to the same term, depending on where that term is placed in the statute. Neither result is supportable.[4]

■■ We conclude that, by adding the word "available" to ORS 659.415(1) in 1981, the legislature intended to require reinstatement to a former position only if the former position still exists and is vacant. Because the position at issue here had been filled by a permanent employe when plaintiff demanded reinstatement, defendant did not commit an unlawful employment practice in failing to reinstate plaintiff to that position. For that reason, the award of back wages also was improper.

The decisions of the Court of Appeals and the trial court are reversed.

---

[4] It is also significant that, at the time that the legislature adopted the availability requirement for reinstatement to a former position under ORS 659.415, the Court of Appeals had interpreted the word "available," as it was used in a companion provision, to mean "vacant." *Carney v. Guard Publishing Co.*, 48 Or App 147, 616 P2d 548, *modified* 48 Or App 927, 630 P2d 867, *rev den* 290 Or 171 (1980) (interpreting ORS 659.420(1)).