Argued and submitted September 21, 1987, on appeal, judgment for plaintiff on Count I reversed, judgment otherwise affirmed on appeal and on cross-appeal May 11, reconsideration denied July 8, petition for review denied July 26, 1988 (306 Or 413)

## PALMER,
*Respondent - Cross-Appellant,*

*v.*

## CENTRAL OREGON IRRIGATION DISTRICT,
*Appellant - Cross-Respondent.*

(37507-WE; CA A40845)

754 P2d 601

William M. Holmes, Bend, argued the cause for appellant - cross-respondent. With him on the briefs was Gray, Fancher, Holmes, Hurley & Bischof, Bend.

Douglas A. Haldane, Eugene, argued the cause for respondent - cross-appellant. On the brief was Philip H. Garrow, Bend.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals and plaintiff cross-appeals in this action arising out of defendant's alleged failure to reinstate plaintiff to his former position or to another position in defendant's employ when he sought to return to work after suffering a compensable injury. Plaintiff states three claims (called "counts" in his pleadings): first, that defendant violated ORS 659.415 by not restoring him to his former position or, if it was unavailable, to another "available and suitable" position; second, that defendant violated ORS 659.410 by discriminating against plaintiff with respect to terms or conditions of his employment, because he had applied for workers' compensation benefits; and, third, that defendant's failure to reinstate plaintiff was based on his having sought benefits and was, therefore, discriminatory and constituted the common law tort of wrongful discharge. The first two claims were tried to the court, ORS 659.121,[1] which ruled in plaintiff's favor on the first and defendant's on the second. The wrongful discharge claim was tried to a jury, which found for plaintiff.

Plaintiff suffered a compensable injury in February, 1981, and was required to miss work for three extended periods between 1981 and 1984. After the last absence, plaintiff sought reinstatement to his former position. Defendant's manager informed plaintiff that that position had been eliminated and that a similar position, which was about to be vacated by another employe, would be converted from permanent to temporary status after the other employe's departure. According to defendant, the elimination of the positions was consistent with an overall objective of reducing its work force. Defendant recommended a number of temporary positions to plaintiff, which he either did not seek or did not accept. In June, 1984, after defendant had made an offer of a temporary position, subject to a posting requirement, plaintiff's attorney wrote defendant and demanded that plaintiff be restored to his former position. The manager then told plaintiff that further communication should be through the parties' attorneys. Plaintiff then brought this action.

■ ■ Defendant first assigns error to the judgment for

---

[1] The case was tried before ORS 659.121(2) was amended to allow for jury trials at the request of any party. Or Laws 1987, ch 822, § 1.

plaintiff on his claim that defendant violated ORS 659.415 by not reinstating plaintiff to his previous position or to another available and suitable one. After this case was tried, the Supreme Court held in *Knapp v. City of North Bend,* 304 Or 34, 741 P2d 505 (1987), that, for a former position to be "available" and subject to the reinstatement requirement of ORS 659.415, it must be in existence and vacant. *Knapp* defeats plaintiff's argument that defendant was required by the statute to restore him to his former position.[2] We are also unable to agree that defendant violated ORS 659.415 by not employing plaintiff in another available and suitable position. We find on *de novo* review that defendant made *bona fide* efforts to find or create such positions for plaintiff and that plaintiff did not accept them. The judgment for plaintiff on his first claim must be reversed.

■ Defendant's other assignments relate to the wrongful discharge claim. It argues that the court erred, first, by denying its motion for a directed verdict and, second, by giving a jury instruction which defendant maintains there was no evidence to support. We disagree with the first point. As the trial court noted in denying the motion, *inter alia,* the jury could have disbelieved defendant's explanation that its motives for not retaining the permanent status of plaintiff's former position were solely fiscal and could have inferred that that and other actions of defendant were motivated instead by the fact that plaintiff filed a workers' compensation claim. There was evidence enough, including inferences, to enable the jury to find that defendant discriminated against plaintiff because he had sought workers' compensation.

Defendant's other point is more complicated. The challenged instruction was:

"Failure to reinstate an employe to his regular job or another job that was available and suitable after he returns from disability status because the employee has applied for or utilized the procedures of the [Workers'] Compensation Law constitutes a discriminatory motive. Failure to reinstate an employe for a discriminatory motive constitutes a discharge from employment."

---

[2] As we will discuss in greater detail in connection with defendant's third assignment, however, that does not mean that the failure to reinstate him to the position cannot be redressed under ORS 659.410 or in a wrongful discharge action, if it resulted from a discriminatory motive.

We have concluded that, under the court's interpretation of ORS 659.415 in *Knapp v. City of North Bend, supra,* defendant's failure to reinstate plaintiff did not violate *that* statute. As noted above, *Knapp* was decided after this case was tried and after the parties had filed their briefs on appeal. The grounds for defendant's exception to the instruction in the trial court, as it explains in its opening brief, was that "there is no proof * * * that elimination of the position was because plaintiff had filed a claim for Workers' Compensation benefits." That is the identical point which defendant urged in support of his assignment challenging the denial of its motion for a directed verdict and which we have rejected.

However, in a memorandum of supplemental authorities filed after the Supreme Court's decision in *Knapp v. City of North Bend, supra,* defendant argues that the instruction "is an incorrect statement of law" in the light of *Knapp.* We might be hesitant to hold that defendant's evidentiary exception was inadequate to preserve the legal argument that it now bases on the subsequent Supreme Court decision, *if* any legal deficiency in the instruction could be attributed to what the later decision said. *But see Transpacific Leas. v. Klineline Sand,* 272 Or 133, 535 P2d 1360 (1975). However, *Knapp* has no bearing on the correctness or incorrectness of the instruction here.

It is a *per se* violation of ORS 659.415 not to reinstate an employe when reinstatement is required. A discriminatory motive need not be proved to establish a violation of the statute; correspondingly, a violation of the statute does not *ipso facto* establish a discriminatory motive. Those propositions did not originate with *Knapp,* and *Knapp* did not affect them. The court's holding there related only to ORS 659.415, and it defined when that statute requires reinstatement to a former position. *Knapp* says nothing about the relationship between a statutory violation and the presence or absence of a discriminatory motive.

■■ Although a failure to comply with ORS 659.415 may be probative of discrimination against a worker who has filed a workers' compensation claim, a violation of the statute does not conclusively prove discrimination. However, failure to reinstate a worker who has sought benefits can be discriminatory, even if the refusal to reinstate does not violate ORS

659.415. For example, an employer's elimination of a compensably injured employe's position and its later refusal to restore the employe to the position would not offend ORS 659.415. However, the employer would be guilty of discrimination if its reason for eliminating the position and not reinstating the employe was that the employe had claimed workers' compensation.

The gravamen of plaintiff's wrongful discharge claim was that defendant's refusal to place him in his former position or some other position was motivated by discrimination. Defendant's exception raised only the question of whether there was evidence from which the jury could find in accordance with plaintiff's theory. There is no merit to that exception or to defendant's assignment.[3]

Plaintiff assigns three errors in his cross-appeal. The first two, that the court erred by not ordering reinstatement as a remedy for the violation of ORS 659.415 which it found and also by prorating the attorney fees plaintiff was awarded under ORS 659.121 to reflect only services for the statutory claim on which he prevailed at trial, are mooted by our reversal of the judgment on that claim. He is now entitled to no remedy in connection with ORS 659.415, and he has prevailed on no claim for which attorney fees are awardable. Plaintiff stipulates that his remaining assignment need not be considered if we decide the appeal as we have.[4]

On appeal, judgment for plaintiff on Count I reversed; judgment otherwise affirmed on appeal and on cross-appeal.

---

[3] We do not reach the merits of defendant's legal argument. It is not an anomaly for defendant to be found liable on the wrongful discharge claim, although it is exonerated of violating ORS 659.415 and ORS 659.410, respectively, by our disposition of the first claim and the trial court's unchallenged disposition of the second. The question in the wrongful discharge claim was factual and was tried to a different factfinder than were the other claims. *Holien v. Sears, Roebuck and Co.,* 298 Or 76, 689 P2d 1292 (1984).

[4] He states:

"The court need only reach this assignment of error in the event it finds that the trial court incorrectly held that defendant failed to reinstate plaintiff in violation of ORS 659.415, or if it finds insufficient evidence to uphold the trial court's refusal to direct a verdict in defendant's favor in plaintiff's wrongful termination claim, and if it decides the case must be remanded to the trial court for further proceedings."