494 September 16, 2014 No. 62

IN THE OREGON TAX COURT
REGULAR DIVISION

DEPARTMENT OF REVENUE,
*Plaintiff,*
*v.*
RAINSWEET, INC.,
and RS Growers Inc.,
*Defendants.*

(TC 5206)

Plaintiff Department of Revenue (the department) appealed a Magistrate Division decision where Defendants (taxpayer) had prevailed in their argument that the department had abused its discretion refusing to take jurisdiction of disputes as to certain property tax accounts. The parties agreed that the relevant administrative rule provided that the department would proceed to a merits hearing if all parties to the proceeding agreed to facts indicating a likely error on the rolls. In the department's supervisory hearing, the relevant county did not agree with any facts asserted by taxpayer. On the basis that the parties to the proceeding did not agree on facts, the department did not proceed to a merits hearing. Taxpayer argued that the provisions of OAR 150-306.126(1)(6) required that the governmental unit responsible for the valuation of a portion of industrial property is responsible for defending that appraisal in "any appeals," reasoning that a petition under ORS 306.115 was an "appeal" and concluding that because the case involved industrial property to be appraised under ORS 306.126, only the department should have been considered a party to the petition. Granting the department's motion, the court ruled that the interpretation by the department of its own rule was that the county was a party to the petition and that the department did not abuse its discretion by interpreting its rule OAR 150-306.115 as allowing it to consider the position of the county. Because that decision was not inconsistent with any statute or rule and was not clearly wrong, the department did not abuse its discretion by refusing to proceed to a merits hearing.

Oral argument on cross-motions for summary judgment was held June 30, 2014, in the courtroom of the Oregon Tax Court, Salem.

Douglas M. Adair, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Plaintiff Department of Revenue (the department).

David A. Hilgemann, Garrett Hemann Robertson PC, Salem, filed the cross-motion and argued the cause for Defendants (taxpayer).

Decision for Plaintiff rendered September 16, 2014.

## HENRY C. BREITHAUPT, Judge.

### I.  INTRODUCTION

This matter is before the court on cross-motions for summary judgment. As the appeals relate to a decision by Plaintiff (the department) that it did not have jurisdiction over the matters under ORS 306.115, the record is that made in the supervisory hearing held by the department.

In the Magistrate Division, Defendants (taxpayer) prevailed in their argument that the department had abused its discretion in concluding that it would not take jurisdiction of disputes as to certain accounts. From that decision the department appeals.

### II.  FACTS

The tax year at issue is 2010-11.[1] This appeal relates to only certain of the accounts as to which taxpayer sought relief under ORS 306.115. The accounts in question contained both land and improvements to land.[2]

The improvements to land in the accounts were such that the department had the responsibility to appraise improvements to the land. ORS 306.126 (providing for department appraisal of industrial properties). However, pursuant to OAR 150-306.126(1)(2) Polk County (the county) had the responsibility to appraise the land.

---

[1] Taxpayer originally sought review in the department for tax years 2008-09, 2009-10, and 2010-11. The Magistrate Division decision granted summary judgment to the department on all claims for the 2008-09 and 2009-10 tax years. *Rainsweet Inc. & RS Growers Inc. v. Polk Co. Assessor*, TC-MD No 130049N, 2013 WL 6283069, at *5-7 (Dec 3, 2013). Because the department appealed only the Magistrate Division's denial of summary judgment on certain accounts for the 2010-11 tax year, and taxpayer did not file a cross-appeal, only the 2010-11 tax year is at issue.

[2] Eight accounts are not at issue in this case. Taxpayer originally sought review in the department for 11 accounts, five containing only land, four containing both land and improvements to land, one containing only personal property, and one containing only improvements to land. The Magistrate Division decision granted summary judgment to the department on eight of the accounts and denied summary judgment to the department on three accounts that contained both land and improvements to land. *Rainsweet*, 2013 WL 6283069, at *6-7. Because the department appealed only the Magistrate Division's denial of summary judgment on the remaining accounts, and taxpayer did not file a cross-appeal, only three of the accounts containing both land and improvements remain at issue.

At the supervisory hearing on this matter, the department considered the county to be a party to the proceeding. The county stated that it did not agree with any facts asserted by taxpayer in its petition. Based on that position, the department declined to proceed to a merits hearing and denied the petition for relief.

### III.   ISSUE

The issue is whether the department abused its discretion in considering the county to be a party to the proceeding.

### IV.   ANALYSIS

Taxpayer concedes that the issue is the decision of the department to consider the county to be a party to the proceeding. That decision was coupled with the provisions of OAR 150-306.115(4)(b)(A) that provide the department will proceed to a merits hearing if all parties to the proceeding agree to facts indicating a likely error on the rolls.[3] In the supervisory hearing on this matter, the county did not agree with any facts asserted by taxpayer. On the basis that the parties to the proceeding did not agree on facts, the department did not proceed to a merits hearing.

Taxpayer also concedes that the review by this court is to be for abuse of discretion in the actions of the department. Here the relevant action of the department is the interpretation and application of its rule, OAR 150-306.115(4)(b)(A) so as to include the county as a party to the petition.

The legislature has placed few, if any, constraints on the department in connection with its power under ORS 306.115 to correct the property tax roll when, in the discretion of the department, there is reason to do so.[4] The department has promulgated rules requiring it to conduct merits hearings but only when stated conditions exist.

---

[3]  There are other bases in OAR 150-306.115(4) for the department to proceed to a merits hearing. Taxpayer does not argue that any of those other bases apply in this case.

[4]  The court's references to the Oregon Revised Statutes (ORS) are to 2009.

The condition at issue here is the existence, or not, of agreement of parties to a petition as to facts indicating a likely error on the roll. The interpretation by the department of its own rule is that the relevant county is a party to the petition.

In cases where an agency charged with administration and enforcement of a statute adopts interpretative regulation, courts give that interpretation "careful consideration." *Knapp v. City of North Bend*, 304 Or 34, 41, 741 P2d 505 (1987) (citing *Van Ripper v. Liquor Cont. Com.*, 228 Or 581, 593, 365 P2d 109 (1961)). In this case, even more deference is appropriate because the statute vests broad discretion in the agency. The court concludes that there is nothing unreasonable about the interpretation made by the department in this case. Quite to the contrary, it appears to the court that there are good reasons for the department to include the county as a party whose views or positions on facts should be considered in determining whether the department will continue to a merits hearing.

As stated above, in this case industrial property is involved and appraisal responsibilities are divided between the department and the county. In each of the accounts at issue, land and improvements are components of the account. Accordingly, under the decision in *Flavorland Foods v. Washington County Assessor*, 334 Or 562, 54 P3d 582 (2002), the aggregate values of land and improvements would be considered in applying the provisions of Measure 50 in order to determine the assessed value of all property in the account.[5]

Further, the county, after receipt of the appraisal conclusions of the department as to industrial improvements, administers the levy and collection of tax. ORS 306.126(2); ORS Chapter 311. Finally, if a successful challenge to the appraisal of the property in the account ensues, the county is the entity with the responsibility to make refunds. ORS 311.806(1)(a) - (b).

The department rules under ORS 306.115 provide that county officers and taxpayers are the ones who can

---

[5] Or Const, Art XI, § 11(1)(a).

initiate a petition. OAR 150-306.115(1). In this case taxpayer initiated the petition, but the department solicited and received a response from the county as to its view of the factual matters involved in the case. It appears that if a county were to initiate a petition as to a property, the department would solicit, and take into account, the views of the taxpayer involved in the process of determining how to proceed.

Taxpayer asserts, however, that the provisions of OAR 150-306.126(1)(6) require a different conclusion. That rule of the department provides that the governmental unit responsible for the valuation of a portion of industrial property is responsible for defending that appraisal in "any appeals." Taking that provision as its premise, taxpayer then reasons that a petition under ORS 306.115 is an "appeal." Taxpayer then concludes that because this case involves industrial property to be appraised under ORS 306.126, only the department should be considered a party to the petition.

Taxpayer's position is not well taken. First, taxpayer overlooks the fact that in each of the accounts at issue, land valued by the county was at issue in the petition that was filed. Therefore, even if a petition is an "appeal," the county would, under taxpayer's view of OAR 150-306.126(1)(6), need to be involved because the county would have the duty to defend its valuation of land.

Additionally, it has long been settled that a petition under ORS 306.115 is not an appeal. *Ohio State Life Ins. Co. v. Dept. of Rev.*, 12 OTR 423 (1993). The process is not a remedy for a taxpayer or an assessor. Rather, it is one process, among several, designed to assist the department in its administration of the property tax laws. Indeed, it is that purpose that supports the conclusion that actions of the department pursuant to its role under ORS 306.115 are reviewed only for an abuse of discretion.

The department did not abuse its discretion by interpreting its rule OAR 150-306.115 as allowing it to consider the position of the county in this matter. That decision was not inconsistent with any statute or rule and was not clearly wrong.

## V.   CONCLUSION

The motion of the department is granted and the cross-motion of taxpayer is denied. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted;

IT IS FURTHER ORDERED that Defendants' Cross-Motion for Summary Judgment is denied; and

IT IS FURTHER ORDERED that costs shall be awarded to neither party.