Argued and submitted May 8, decision of Court of Appeals reversed, judgment of circuit court reversed and case remanded to circuit court for further proceedings October 1, 1992

David MACY,
*Petitioner on Review,*

*v.*

ZUSMAN METALS COMPANY, INC.,
*Respondent on Review.*

(CC 9006-03545; CA A67446; SC S38695)

838 P2d 591

Paul L. Breed, Portland, filed the petition and argued the cause for petitioner on review.

Robert T. Scherzer, of Grenley, Rotenberg, Laskowski, Evans & Bragg, P.C., Portland, filed the response and argued the cause for respondent on review.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General, Salem, filed an *amicus curiae* brief in behalf of the Commissioner of the Bureau of Labor and Industries.

B. Carlton Grew, of Rosenthal & Greene, P.C., Portland, filed an *amicus curiae* brief in behalf of the American Civil Liberties Union of Oregon.

CARSON, C. J.

## CARSON, C. J.

This case, involving a claim of unlawful employment practices, requires examination of the time within which a plaintiff must commence a court action after filing a complaint with the Commissioner of the Bureau of Labor and Industries (Bureau).[1] At issue is whether plaintiff's action was timely when it was filed more than one year after he submitted a complaint to the Bureau, but within 90 days of the date on which the Bureau provided him with a notice of his right to bring a civil action.

The relevant statute, ORS 659.095(1), provides:

"*If, within one year following the filing of a complaint* pursuant to ORS 659.040(1) * * *, *the commissioner has been unable to obtain a conciliation agreement* with a respondent, *or has not caused to be prepared and attempted to serve the specific charges referred to in ORS 659.060(1), the commissioner shall so notify the complainant in writing and within 90 days after the date of mailing of such notice, the complainant may file a civil suit* as provided for in ORS 659.121. Within one year following the filing of the complaint, the commissioner may issue, or cause to be issued, an administrative determination. If no administrative determination has been issued at the end of the one-year period, the commissioner has no further authority to continue proceedings to resolve the complaint, except as provided in ORS 659.070 and 659.085 [relating to the enforcement of conciliation agreements and orders issued by the Bureau]. If prior to the expiration of one year from the filing of a complaint pursuant to this section the commissioner dismisses the complaint for any reason other than a dismissal pursuant to ORS 659.060(3) [upon finding that respondent did not engage in the alleged unlawful practice], or the complainant requests the commissioner to terminate proceedings with respect to the complaint, the commissioner shall notify the complainant of said dismissal or termination in writing, and within 90 days after the date of mailing of such notice of dismissal or termination, a civil suit may be filed as provided for in ORS 659.121." (Emphasis added.)

Plaintiff contends that he was subjected to an unlawful employment practice between October 11 and November

---

[1] *Amici curiae* briefs supporting plaintiff's position were filed by the Bureau and by the American Civil Liberties Union of Oregon.

14, 1988.[2] He filed a complaint with the Bureau on March 24, 1989. Almost one year later, on March 5, 1990, the Bureau sent plaintiff a letter informing him that it had investigated his complaint and had found "substantial evidence to support" his allegations; it offered assistance in resolving the matter through conciliation. Attached to the letter was a "Notice of Administrative Determination" that set forth plaintiff's allegations and the Bureau's jurisdiction, findings of fact, summary, and determination.

On March 23, 1990, the Bureau sent plaintiff a Notice of Private Right of Action, pursuant to ORS 659.095 (1). The notice read:

"The Oregon Revised Statutes provide a private right of action for any complaint filed with the Commissioner of Labor and Industries alleging an unlawful practice which occurred after October 4, 1977, as follows:

"*If, within one year of filing such a complaint of unlawful practice, the complaint has not been conciliated or charges pursuant to a Commissioner's hearing under ORS 659.060 have not been served,* the Complainant may file a suit in Circuit Court if the Respondent is a private entity. * * *

"If the Respondent is a private entity, *you are hereby notified that you have 90 days from the above mailing date to commence a civil suit in the Circuit Court of this state based on the allegations of your complaint. After 90 days from this date, you lose your right to proceed in Circuit Court.* If you wish to protect this right you should consult an attorney immediately.

"* * * * *

"If you decide to pursue your complaint in Circuit Court, please notify this office.

"If you do not wish to pursue your complaint in Circuit Court, the Bureau will continue to process your complaint. This does not mean that a hearing will be held. The Bureau may determine at a future date to terminate proceedings

---

[2] Plaintiff's amended complaint asserted that he filed a workers' compensation claim in May 1988, and that in October 1988, defendant assigned him to light duty work and decreased his pay, allegedly in retaliation for plaintiff's having filed the workers' compensation claim. Discrimination against an employee because of that employee's application for workers' compensation benefits is an unlawful employment practice. ORS 659.410(1); ORS 659.030(1)(f).

without initiating a contested case hearing." (Emphasis added.)

On April 18, 1990, the Bureau again offered to assist the parties in reaching a conciliation agreement.[3]

On June 13, 1990, plaintiff filed this action in Multnomah County Circuit Court.[4] Defendant moved to dismiss the action as untimely filed. Plaintiff opposed the motion on the ground that he had received notice of his 90-day right to sue on March 23, 1990, and had filed his action within 90 days. The court granted defendant's motion and entered judgment dismissing the action. Plaintiff appealed, and the Court of Appeals affirmed without opinion. *Macy v. Zusman Metals Co., Inc.*, 109 Or App 328, 818 P2d 1304 (1991).

■ Two routes are available to persons aggrieved by an unlawful employment practice. They may elect to commence a civil action in circuit court within one year of the alleged incident; by so doing, they waive their right to file a complaint with the Bureau. ORS 659.121(1), (3), (4).[5] In the alternative,

---

[3] That letter stated, in part:

"[F]ollowing the administrative determination of substantial evidence of unlawful practice[,] the Commissioner of the Oregon Bureau of Labor and Industries may endeavor to settle the complaint and eliminate the effects of the unlawful practice by the informal method of conciliation.

"* * * * *

"The Civil Rights Division will cooperate in any attempt to reach a reasonable settlement of this matter."

[4] On June 18, 1990, the Bureau sent plaintiff a letter informing him that it had ceased working on his complaint because he had elected to pursue litigation.

[5] ORS 659.121 provides, in part:

"(1) Any person claiming to be aggrieved by an unlawful employment practice * * * may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employees with or without back pay. Back pay liability shall not accrue from a date more than two years prior to the filing of a complaint with the Commissioner of the Bureau of Labor and Industries, pursuant to ORS 659.040, or if no such complaint has first been filed, then, more than two years prior to the filing of the civil suit provided for in ORS 659.040, 659.045, 659.095 and this section. * * *

"* * * * *

"(3) Where no complaint has been filed pursuant to ORS 659.040(1) * * *, the civil suit or action shall be commenced within one year of the occurrence of the alleged unlawful employment practice. Where a complaint has been filed pursuant to ORS 659.040(1) * * * [,] the civil suit or action provided for herein shall be commenced only in accordance with the time limitations provided for in

they may begin by filing a complaint with the Bureau. ORS 659.040. If the latter route is chosen, complainants subsequently may decide either to file a civil action or to allow the case to be resolved administratively. ORS 659.095; ORS 659.121(3). Depending upon the case, the Bureau's involvement can result in an investigation, a written conciliation agreement, civil penalties, a cease-and-desist order, a contested case hearing, the filing or non-filing of specific charges, or dismissal of the complaint by the commissioner. ORS 659.050; ORS 659.060; ORS 659.095(1). The proceedings also can be terminated by the complainant. ORS 659.095(1).

Plaintiff chose the second route by filing a complaint with the Bureau. That complaint was timely under ORS 659.040(1), which provides:

"Any person claiming to be aggrieved by an alleged unlawful employment practice, may, or the attorney of the person may, make, sign and file with the [Bureau] commissioner a verified complaint in writing[.] * * * A complaint filed pursuant to this section shall be filed no later than one year after the alleged unlawful employment practice."

After investigating the complaint, the Bureau — acting within the one-year limit established by ORS 659. 095(1) — determined that substantial evidence supported the allegations. It so informed plaintiff and offered to assist in settling the complaint. ORS 659.050(1).[6] Almost three weeks

---

ORS 659.095. The filing of a complaint with the commissioner under ORS 659.040(1) * * * shall not be a condition precedent to the filing of civil suit or action under this section.

"(4) This section shall not be construed to limit or alter in any way the authority or power of the commissioner or to limit or alter in any way any of the rights of an individual complainant until and unless the complainant commences civil suit or action. * * * [T]he filing of a civil suit or action in either circuit court pursuant to subsection (1) of this section or federal district court under applicable federal law shall constitute both an election of remedies as to the rights of that individual with respect to those matters alleged in the complaint filed with the commissioner, and a waiver with respect to the right to file a complaint with the commissioner pursuant to ORS 659.040(1) * * *."

[6] ORS 659.050(1) provides, in part:

"After the filing of any complaint under ORS 659.040 * * *, the commissioner may cause prompt investigation to be made in connection therewith. * * * If the investigation discloses any substantial evidence supporting the allegations of the complaint the commissioner may cause immediate steps to be taken

elapsed. The record does not reveal whether conciliation efforts during that time failed or whether none were attempted. In any event, on March 23, 1990 — 364 days after the complaint had been filed — the Bureau notified plaintiff that "if" his complaint had not been conciliated or the Bureau had not brought charges, he could file an action in circuit court. Although the notice did not expressly state that conciliation had not been achieved or that charges had not been brought, it did so impliedly by informing plaintiff that he had 90 days from the letter's mailing date to commence a civil action and that after such time he would lose his right to proceed in circuit court. Plaintiff filed this action on June 13, 1990, within the 90 days specified in the letter.

■    By electing to bring a civil action after having filed a complaint with the Bureau, plaintiff became subject to ORS 659.121(3), which provides, in part:

> "Where a complaint has been filed pursuant to ORS 659.040 (1) * * * the civil suit or action provided for herein shall be commenced only in accordance with the time limitations provided for in ORS 659.095."

The sole issue, then, is whether plaintiff's action was filed within the time limits established by ORS 659.095. The parties do not dispute that the March 23 letter served as notice to plaintiff that, within the year following the filing of his complaint, the commissioner either had been unable to obtain a conciliation agreement or had not prepared specific charges. Under ORS 659.095(1), the Bureau is required to give notice of those facts. The statute also provides that, "within 90 days after the date of mailing of such notice, the complainant may file a civil suit as provided for in ORS 659.121."[7] The record shows that plaintiff filed this action

---

through conference, conciliation and persuasion to effect a settlement of the complaint and eliminate the effects of the unlawful practice * * *."

[7] ORS 659.095(1) is implemented by OAR 839-03-020, which provides:

"(1) Instead of filing a complaint with the Division, a person who believes that he/she has been discriminated against may file a civil suit as provided for in ORS 659.121 or 30.680. A person who files a civil suit as provided for in ORS 659.121 cannot later file a complaint with the Division which makes the same allegations made in that civil suit.

"(2) After filing a complaint with the Division, a Complainant may file a civil suit in state or federal court. If this civil suit includes the same allegations as

within the 90-day time period. We therefore conclude that the filing was timely under ORS 659.095(1). This conclusion is consistent with this court's holding in *Williams v. Waterway Terminals Co.*, 298 Or 506, 509, 693 P2d 1290 (1985), which neither party cited:

> "The time limitation for filing a complaint with the Bureau of Labor is one year 'after the alleged unlawful employment practice.' A civil action must also be filed within one year if no complaint to the Bureau of Labor is made. ORS 659.040(1); 659.121(3). *Where a complaint is first made to the Bureau of Labor, as in this case, ORS 659.095(1) provides an additional 90 days in which to commence a civil action following notice from the Bureau of Labor that the initial complaint has not been resolved.*" (Emphasis added.)

■   Notwithstanding the plain language of ORS 659.095 (1) and this court's interpretation thereof in *Williams* (which became a part of the statute),[8] defendant argues that this action is not timely because it was filed more than one year after plaintiff filed a complaint with the Bureau. Defendant points to the part of ORS 659.095(1) that reads:

> "If prior to the expiration of one year from the filing of a complaint pursuant to this section * * * the complainant

the complaint, the Division will dismiss the complaint. The Division will notify the Complainant and Respondent that it has terminated action and dismissed the complaint.

"(3)  During the Division's processing of a complaint, the Commissioner will notify the Complainant of his/her right to file a civil suit as provided in ORS 659.121. The Complainant will have ninety (90) days from the mailing date of the notice to file a civil suit. Such a notice will be sent if within one year from the date of filing a complaint:

"(a)  The complainant withdraws the complaint;

"(b)  The Commissioner dismisses the complaint, except as a result of a contested case hearing;

"(c)  The Commissioner has not issued an Administrative Determination; once the notice is mailed, the Division has no further jurisdiction and can take no further action;

"(d)  *The Commissioner has issued an Administrative Determination, but has not obtained a conciliation agreement with the Respondent or issued specific charges in preparation for a contested hearing;* unless and until the Complainant files a civil suit, the Division will continue its activity to resolve the Complaint." (Emphasis added.)

Thus, several events could trigger issuance of the 90-day right-to-sue notice.

[8] *See Walther v. SAIF*, 312 Or 147, 149, 817 P2d 292 (1991) (stating principle).

requests the commissioner to terminate proceedings with respect to the complaint, the commissioner shall notify the complainant of said * * * termination in writing, and within 90 days after the date of mailing of such notice * * *, a civil suit may be filed * * *."

Defendant argues in its brief that, under that statutory wording

"A petitioner can proceed with its administrative remedies pursuant to ORS 659.040 and can choose any time within a year to elect its private civil right of action by simply notifying the Bureau of Labor it is doing so. Once the administrative one-year period lapses, the petitioner is statutorily committed to continuing only with its administrative remedies."

Defendant further contends that, because plaintiff did not notify the Bureau that he wished to terminate the proceedings prior to the expiration of one year, the 90-day notice should not have issued.

Those arguments are based on a misreading of the statute. The wording on which defendant relies is relevant *only* when a case is dismissed by the Bureau or terminated by the complainant. ORS 659.095(1) provides that the complainant will be allowed 90 days within which to commence a civil action "*[i]f* prior to the expiration of one year from the filing of a complaint pursuant to this section the commissioner dismisses the complaint * * * or the complainant requests the commissioner to terminate proceedings with respect to the complaint." (Emphasis added.) Although other events, too, can trigger the issuance of the 90-day notice, *see* note 7, *supra*, the dispositive event in this case was the Bureau's failure either to reach a settlement or to file charges, as expressed in its notice letter of March 23, 1990.

To conclude, plaintiff's civil action was filed within the time allowed by ORS 659.095. Accordingly, the trial court erred in dismissing the case as untimely filed, and the Court of Appeals erred in affirming the dismissal.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.